**Jake Edward DAMRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56031.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

**934**

Richard D. Bird, Childress, for appellant.

Charles W. Darter, Dist. Atty., Wellington, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana, where the punishment assessed was five (5) years' confinement, probated.

At the outset we are confronted with appellant's challenge to the sufficiency of the evidence to sustain the conviction.

The indictment charged that the appellant on or about October 26, 1976 "did then and there unlawfully and *knowingly* possess a useable quantity of marihuana, to-wit: more than four (4) ounces . . .." (Emphasis supplied.)

Tom Finley, an agent of the Department of Public Safety, testified that in the late afternoon of October 26, 1976, he executed a search warrant at appellant's house in Estelline; that the only persons present at the time of the search were appellant's wife and child; that in a bedroom closet he found approximately one pound of marihuana in various containers and some large stems of marihuana plants.

Agent Don Hatcher of the Department of Public Safety generally corroborated Finley's testimony. Texas Ranger Leo Hickman testified that in the afternoon hours of October 26, 1976 he arrested the appellant at the river bridge on Highway 287, north of Estelline, and held him until the narcotic agents arrived and he released appellant to their custody. Agent Curtis Baker testified he acquired custody of the appellant and took him to the residence in question. The search had been completed and there was no showing that appellant had contraband on his person or made any incriminating statements at the time of his arrest. Appellant's father testified he visited frequently at his son's home, and that he was there on Sunday, October 24, 1976, two days prior to the search, and that the appellant's brother-in-law, his wife's brother, was there. He related that this individual had been previously convicted of possession of marihuana. It was stipulated that the premises in question were the community property of appellant and his wife. The chain of custody of the substance found was established and a chemist testified that the same was marihuana. These then are the facts with which we are confronted in answering appellant's contention.

In proving possession in a narcotics case, it is not necessary to prove the accused had exclusive possession of the narcotics in question. *Collini v. State,* 487 S.W.2d 132 (Tex.Cr.App.1972), and cases there cited. It is well established that a narcotic drug may be jointly possessed by two or more persons. *Davila v. State,* 169 Tex.Cr.R. 502, 335 S.W.2d 610 (1960); *Ochoa v. State,* 444 S.W.2d 763 (Tex.Cr.App. 1969). Thus possession need not be exclusive, and evidence which shows that the

accused jointly possessed the contraband with another is sufficient to sustain a conviction. *Shortnacy v. State,* 474 S.W.2d 713 (Tex.Cr.App.1972); *Curtis v. State,* 519 S.W.2d 883 (Tex.Cr.App.1975); *Woods v. State,* 533 S.W.2d 16 (Tex.Cr.App.1976); *Martinez v. State,* 539 S.W.2d 885 (Tex.Cr. App.1976). Proof of possession may be shown by direct or circumstantial evidence. *Collini v. State,* supra. Thus various facts and circumstances surrounding a search and arrest may be shown to prove that the accused and another person or persons acted together in jointly possessing a narcotic. *Collini v. State,* supra, at p. 136, and cases there cited.

■ It must be remembered, however, that mere presence alone at a place where narcotics are being used or possessed by others does not justify a finding of joint possession. *Brooks v. State,* 529 S.W.2d 535 (Tex.Cr.App.1975); *Woods v. State,* supra; *Hernandez v. State,* 517 S.W.2d 782 (Tex. Cr.App.1975); *Payne v. State,* 480 S.W.2d 732 (Tex.Cr.App.1972); *Harvey v. State,* 487 S.W.2d 75. (Tex.Cr.App.1972).

■ Whether the case is tried on the theory of joint or sole possession of the narcotic, the evidence must affirmatively link the accused to the narcotic he is alleged to have possessed. *Harvey v. State,* supra. *Haynes v. State,* 475 S.W.2d 739 (Tex.Cr. App.1971); *Hausman v. State,* 480 S.W.2d 721 (Tex.Cr.App.1972); *Collini v. State,* supra. This burden of showing an affirmative link rests upon the State, *Payne v. State,* supra; *Haynes v. State,* supra.

As pointed out in *Collini,* an accused's knowledge that the substance in his possession is a narcotic drug was an essential element of the offense of unlawfully possessing a narcotic drug under former Article 725b, V.A.C.C.P., 1925. Under the present Controlled Substances Act (Article 4476–15, § 4.05, V.A.C.S.), a person commits an offense if he knowingly or intentionally possesses a usable quantity of marihuana.[1]

In *Williams v. State,* 524 S.W.2d 705 (Tex.Cr.App.1975), it was held that the evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts.

This was well explained in *State v. Carr,* 8 Ariz.App. 300, 445 P.2d 857, 859 (1968), where the Arizona court wrote:

"The crime of possession of narcotics requires a physical or constructive possession with actual knowledge of the presence of the narcotic substance. *Carroll v. State,* 90 Ariz. 411, 368 P.2d 649 (1962). Although possession may be shown by direct or circumstantial evidence, the evidence must link the defendant to the narcotics in such a manner and to such an extent that a reasonable inference may arise that the defendant knew of the narcotics' existence and of its whereabouts. *Carroll v. State,* supra." See also *State v. Oare,* 249 Or. 597, 439 P.2d 885 (1968); *Haynes v. State,* supra.

In *Curtis v. State,* supra, at p. 885, this court wrote: ·

"The State must show that (a) the appellant exercised, either singularly or jointly, care, custody, control and management over the contraband and (b) that he knew the object he possessed was contraband. The evidence must affirmatively link the accused to the contraband in such a manner that a reasonable inference arises that the accused knew of its existence and whereabouts. *Hineline v. State,* Tex.Cr.App., 502 S.W.2d 705; *Powell v. State,* Tex.Cr.App., 502 S.W.2d 705; *Williams v. State,* Tex.Cr.App., 498 S.W.2d 340. This affirmative link is established by showing facts and circumstances which indicate the accused's knowledge and control of the contraband. *Williams v. State,* supra; *Powell v. State,* supra; *Alba v. State,* Tex.Cr.App., 492 S.W.2d 555." .

■ Where an accused is not in exclusive possession of the premises where the contraband is found, it cannot be concluded that he had knowledge of the narcotic and had control of it unless there are additional

---

1. It was earlier noted that the indictment in the instant case alleged "knowingly."

independent facts and circumstances which affirmatively link the accused to the narcotics.[2] *Adair v. State,* 482 S.W.2d 247 (Tex. Cr.App.1972); *Harvey v. State,* supra; *Payne v. State,* supra; *Hausman v. State,* supra; *Collini v. State,* supra.

In the instant case the appellant was (1) not at the place searched at the time of the search, and (2) there were other persons present at the time of the search and shown to be living there so appellant was not in exclusive possession, (3) the marihuana was found in a closet in a bedroom without any showing it was appellant's bedroom or the only bedroom in the house and no showing of appellant's personal belongings in the closet or bedroom or even the observation of any men's clothing, etc., and (4) appellant was not found in possession of any contraband at the time of arrest nor (5) was he under the influence of any narcotic and (6) he did not make any incriminating statements at the time of arrest.

It is true that it was stipulated that the premises were the community property of the appellant and his wife and there were references to the fact that the house was his residence, and that his wife and child were present at the time of the search. There was no evidence, one way or the other, whether other persons lived or frequently stayed there. The question thus presented is whether the State has established an affirmative link from the appellant to the marihuana found when he was not present under the particular circumstances of this case. Stated another way, is the evidence sufficient to sustain a conviction of an accused, who is not present at the time of the search, where contraband is found in his residence under the above described conditions?

*Williams v. State,* 521 S.W.2d 275 (Tex. Cr.App.1975), presents a similar fact situation to the instant case. There officers executed a search warrant at a residence in Temple where only the defendant's wife and a young child were present. 138 tablets of lysergic acid diethylamide were found in the refrigerator. Later the officers went to the defendant's place of employment and arrested him. The utilities were shown to have been connected in the same name as the defendant, but there was no showing that the defendant was that person. There was no showing that clothing or any other object belonging to the defendant was found in the house at the time of the search, and there was no testimony that anyone had ever seen the defendant on the premises even though the same had been under surveillance by the police prior to the search. In *Williams* the court stated:

"The meager circumstances here presented do not support the jury's verdict that the appellant was guilty of either the exclusive or joint possession of the contraband found in the refrigerator. A conviction on circumstantial evidence cannot be sustained if the circumstances proven do not exclude every other reasonable hypothesis except that of the guilt of the accused, and proof amounting only to strong suspicion or mere probability is insufficient (citations omitted)."

For the same reasons we conclude, under the facts of the instant case, the evidence is insufficient to support the jury's verdict.

In *Burks v. United States,* —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1, the United States Supreme Court by opinion on June 14, 1978, held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence legally insufficient . . . ." In *Greene v. Massey,* —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15, handed down the same day as the *Burks* decision, the Supreme Court held, "Since the constitutional prohibition against double jeopardy is fully applicable to state

2. The accused may be linked to the contraband by evidence showing he had *sole* access to the place where the contraband was found. *Payne v. State,* 480 S.W.2d 732 (Tex.Cr.App.1972); 57 A.L.R.3d 1314.

criminal proceedings, *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), we are bound to apply the standard announced in *Burks* to the case now under review."

 Having found that reversal must result in the instant case since we concluded that the evidence is insufficient to support the conviction, the Supreme Court's decisions in *Burks v. United States,* supra, and *Greene v. Massey,* supra, dictate that no further prosecution be had in this cause.

The judgment of conviction is set aside and is reformed to show an acquittal.

For the reasons stated, the judgment is reversed and the cause is remanded.