June Martha MARTIN and Lloyd Dale Martin, Appellants,

v.

The STATE of Texas, Appellee.

No. 896–84.

Court of Criminal Appeals of Texas, En Banc.

May 18, 1988.

Ronald H. Tonkin, Houston, for appellants.

James H. Keeshan, Former Dist. Atty., Peter C. Speers, III, Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for State.

OPINION ON STATE'S AND APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

McCORMICK, Judge.

Appellant Lloyd Dale Martin was arrested along with his wife, appellant June Martha Martin, and their son-in-law Ronald Yarbrough. All three were charged with the offense of aggravated possession of methamphetamine. Ronald Yarbrough entered a plea of guilty to the offense and was sentenced to twenty years' confinement and a $10,000.00 fine. His case is not before us. Appellants Lloyd Dale Martin and June Martha Martin entered pleas of

not guilty. After a joint trial before a jury, both were convicted. The trial court assessed punishment for both at fifteen years' and six months' confinement and a fine of $5,000.00.

On original submission to the Beaumont Court of Appeals, both Lloyd Dale Martin's and June Martha Martin's convictions were reversed because the record did not contain proper jury waivers with respect to the punishment phase of their trial. The Court of Appeals, in an unpublished opinion, found that the trial court erred in assessing punishment for both appellants and thus reversed their cases and remanded them for a new trial. *Martin v. State*, No. 09–83–118 CR, (Tex.App.–Beaumont, delivered May 23, 1984). Appellant Lloyd Dale Martin filed a motion for rehearing asking that the Court of Appeals consider his challenge to the sufficiency of the evidence. The Court of Appeals did so and, in another unpublished opinion, found the evidence to be such that the jury could have concluded that Lloyd Dale Martin was guilty of either sole or joint possession of a controlled substance. *Martin v. State*, No. 09–83–118 CR, (Tex.App.–Beaumont, delivered July 11, 1984) (Opinion on Rehearing).

We granted appellant Lloyd Martin's petition for discretionary review to review the Court of Appeals' decision as to the sufficiency of the evidence. We also granted the State's petition for discretionary review in both Lloyd Martin's case and June Martin's case to review the Court of Appeals' decision regarding the jury waiver issue.

## I. Lloyd Dale Martin

We borrow from the summary of the facts contained in the Court of Appeals opinion on rehearing:

"The evidence before the jury was that the police had been investigating Ronald Yarbrough, Martha June Martin and Lloyd Dale Martin for several months. On October 25, 1981 the police received information from a confidential informant that Ronald Yarbrough was in possession of methamphetamine at his house. The police secured a search warrant. . . .

"Pursuant to the search warrant, the police arrived at the Yarbrough residence and gained entry. Lloyd and Martha Martin had arrived at the Yarbrough residence in their car approximately fifteen minutes before the raid team arrived. Appellant [Lloyd Dale Martin] left on a motorcycle, returning after the police had gained entry into Yarbrough's house.

. . . . .

"The evidence further showed that the police searched Mrs. Martin's purse and found 51.29 grams of methamphetamines and that the police searched the Martin's car and found .16 grams of methamphetamines and $7,100.00 in cash in a black bag on the front seat of the Martin's (sic) car.

"There was also evidence that the car, though registered in the name of a third party, had been purchased by the Martin's (sic) several months before their arrest. When the Martin's (sic) purchased the car, they paid the entire $2,000.00 in cash in twenty dollar bills. The registration of the vehicle was never changed. However, the narcotics officer in charge of the investigation had seen the Martins driving the vehicle several days before the search." [material in brackets added]

Other evidence showed that the Martins' car was not searched until some one and a half hours after the authorities had arrived at the premises. Throughout this time, the car had been unlocked and the driver's window rolled down. Further evidence showed that when appellant arrived at the scene on his motorcycle, he was met by a deputy sheriff who escorted him into the residence.

The jury was instructed that they could convict Lloyd Martin either as a sole actor or as a party with his wife, June Martin.

█ In reviewing sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Gonzales v. State*, 689 S.W.2d 900 (Tex.Cr.App.1985). The critical inquiry is whether, after viewing the evidence, any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). If, after viewing the evidence in this light, there is a reasonable hypothesis other than the guilt of the accused, then it cannot be said that the guilt has been shown beyond a reasonable doubt. *Anderson v. State,* 701 S.W.2d 868 (Tex.Cr. App.1985); *Denby v. State,* 654 S.W.2d 457 (Tex.Cr.App.1983) (concurring opinion on rehearing).

■ Where an accused is charged with unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control and management over the contraband; and (2) that the accused knew the matter was contraband. *Nunn v. State,* 640 S.W.2d 304 (Tex.Cr.App.1982).

■ Possession of the contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *McGoldrick v. State,* 682 S.W.2d 573 (Tex. Cr.App.1985); *Rodriguez v. State,* 635 S.W.2d 552 (Tex.Cr.App.1982). However, when the theory of prosecution is that the accused or another acted together in possessing a narcotic drug, the evidence must *affirmatively link* the accused to the contraband in such a manner that it can be concluded that he had knowledge of the contraband as well as control over it. *McGoldrick v. State,* supra; *Rodriguez v. State,* supra. Mere presence alone at a place where the contraband is being used or possessed by others does not justify a finding of joint possession, or constitute one a party to an offense. *McGoldrick v. State,* supra.

■ In order to prove that an accused acted as a party to the offense, the State must prove that the accused acted with intent to promote or assist in the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. V.T. C.A., Penal Code, Section 7.02(a)(2).

■ We find the instant case comparable to the fact situation in *Damron v. State,* 570 S.W.2d 933 (Tex.Cr.App.1978). In *Damron,* the evidence revealed that while Damron was away from his home, a search warrant was executed at the home. The only persons present at that time were appellant's wife and child. In a bedroom closet of the house authorities found one pound of marihuana in various containers and some large stems of marihuana plants. Damron was arrested away from his home and by the time he was taken to his residence the search had been completed. There was no showing that Damron had any contraband in his possession at the time of his arrest or made any incriminating statements. Evidence did show that two days prior to the search, Damron's brother-in-law who had been previously convicted of possession of marihuana had been present in the house. In finding the evidence insufficient to support Damron's conviction for possession of marihuana, this Court noted the following:

"In the instant case the appellant was (1) not at the place searched at the time of the search, and (2) there were other persons present at the time of the search and shown to be living there so appellant was not in exclusive possession, (3) the marihuana was found in a closet in a bedroom without any showing it was appellant's bedroom or the only bedroom in the house and no showing of appellant's personal belongings in the closet or bedroom or even the observation of any men's clothing, etc., and (4) appellant was not found in possession of any contraband at the time of arrest nor (5) was he under the influence of any narcotic and (6) he did not make any incriminating statements at the time of the arrest." *Damron v. State,* supra at p. 936.

Turning to cases involving contraband found in automobiles, we find the case of *Heltcel v. State,* 583 S.W.2d 791 (Tex.Cr. App.1979) to be instructive. In *Heltcel,* a police officer stopped a car for speeding. Heltcel was driving the car. A woman was riding in the front passenger seat and a male passenger was in the back seat "feigning sleep." After determining that

Heltcel's driver's license was expired, the officer asked for permission to search the car for weapons. Heltcel consented. The officer found a pistol under the front seat and two brown paper bags containing bricks of marihuana in the back seat where McCain, later identified as the owner of the car, had been lying. After reviewing the evidence, Judge Douglas, writing for the majority of this Court, found the evidence to be insufficient to show that Heltcel possessed the marihuana. Specifically he found that there was no evidence that he knew the contraband was in the car, there was no evidence of a noticeable odor within the car and finally, no other contraband was found either in the car or on Heltcel's person.

Even more recently in the case of *Humason v. State*, 728 S.W.2d 363 (Tex.Cr.App. 1987), we found the evidence insufficient to sustain a conviction for possession of cocaine where Humason, the sole occupant of a pickup truck, was arrested after an officer determined that he was driving with a suspended driver's license and a search of an unzipped cloth gym bag lying on the seat next to Humason revealed a clear vial containing cocaine. After applying the appropriate evidentiary tests, the Court wrote:

"While a trier of fact *could* conclude from the combination of these circumstances that appellant knowingly exercised actual care, custody, control or management over the cocaine in the gym bag, it would be just as rational for that same trier of fact to conclude that appellant was entirely unaware of the presence of the cocaine. Without some evidence excluding the equally reasonable hypothesis that appellant was unaware of the presence of the cocaine, the trier of fact could not conclude *beyond a reasonable doubt* that appellant knowingly possessed the cocaine." *Humason v. State*, supra at 366.

In the instant case, we have nothing more than the fact that a quantity of methamphetamine was found in the purse belonging to appellant's wife and in a black bag found on the front seat of appellant's car at least one and a half hours after appellant and his wife parked their car. During this time the car was unlocked and the driver's window was rolled down. There is no evidence whatsoever to connect appellant with the methamphetamine contained in his wife's purse; nor is there any evidence to show that appellant "acted with intent to promote or assist the commission of the offense by June Martha Martin by encouraging, directing, aiding or attempting to aid" her in possessing the methamphetamine. As far as the methamphetamine found in the bag in the car, there is nothing in the record affirmatively linking appellant or his wife to the black bag or the methamphetamine contained therein. Just as a rational trier of fact could have found appellant guilty of the offense so also could a rational trier of fact have found that appellant had no idea that the methamphetamine was in his wife's purse. Moreover, there was no evidence that the black bag was in the car when the appellant arrived. It is also possible that a rational trier of fact could have found that even if appellant was aware of the bag's presence in the car, he did not know what was in the black bag.

While the facts may be highly suspicious, we are compelled to hold that the State did not sustain its burden of proof that appellant was a party to the offense of possession of methamphetamine. *McGoldrick v. State*, supra; *Travis v. State*, 638 S.W.2d 502 (Tex.Cr.App.1982); *Rhyne v. State*, 620 S.W.2d 599 (Tex.Cr.App.1981).

The judgment of the Court of Appeals which found the evidence was sufficient to sustain appellant Lloyd Dale Martin's conviction is reversed. Since the proper remedy is to reverse the case and order the entry of an acquittal, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed. 2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), there is no need to review the ground of error urged in the State's Petition for Discretionary Review which we previously granted, specifically, the lack of a jury waiver at the punishment stage of the trial.

## II. June Martha Martin

■ After noting that a jury found appellants June Martha Martin and Lloyd Dale Martin guilty of the offense of possession of methamphetamine, the Court of Appeals reversed their convictions after finding that no waiver of a jury trial had been filed by appellants and thus the trial court had erred in assessing their *punishment*. It was the position of the Court of Appeals that Article 1.13 V.A.C.C.P., mandates a jury waiver when a defendant elects not to have a jury assess punishment.

The record reflects that on May 25, 1982, all three defendants filed a joint motion asking that in the event they were found guilty, that the jury assess punishment. However, on January 17, 1983, immediately prior to the trial of appellants Lloyd Dale Martin and June Martha Martin, a hearing was had in chambers. The transcript of the hearing reflects that the appellants agreed to have the trial court assess punishment in exchange for the State's agreement not to proceed on the indicted charge of aggravated possession of a controlled substance, methamphetamine, Article 4476–15, Sec. 4.04(c), V.A.C.S., but rather the lesser offense of possession of a controlled substance, methamphetamine. Article 4476–15, Sec. 4.04(b), V.A.C.S. The trial proceeded according to this agreement and no objection was voiced by the appellants when the trial court proceeded to hear the punishment evidence and assess punishment.

The Code of Criminal Procedure provides, in accordance with the federal and state constitutions, that a defendant has the right of trial by jury. Article 1.12, V.A.C.C.P. The provisions which speak directly to waiver of a jury are as follows:

"Art. 1.13. Waiver of Trial by Jury

"The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him."

"Art. 1.14. Waiver of Rights

"(a) The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case."

"Art. 1.15. Jury in Felony

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; ..."

As can be seen from reading these articles, they all pertain to the guilt-innocence phase of the trial whereby an accused is *convicted*. No mention is made of the punishment phase of the trial and our research reveals that these provisions have never been interpreted to apply to the punishment phase of a trial. In *Bullard v. State*, 548 S.W.2d 13 (Tex.Cr.App.1977), this Court reaffirmed the longstanding proposition that the constitutional right of trial by jury does not encompass the right to have the jury assess punishment. The Court went on to find that since our trial procedure in this state is bifurcated, the statute applicable to the assessment of punishment by a jury is Article 37.07, Sec. 2(b), V.A.C.C.P. See also *Ex parte Moser*, 602 S.W.2d 530 (Tex.Cr.App.1980); *Tinney v. State*, 578 S.W.2d 137 (Tex.Cr.App.1979). At the time of the trial in the instant case, this statute provided as follows:

"Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the

offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assess the punishment." Article 37.07, Sec. 2(b), V.A.C.C.P., (1981 Supp.).

In the instant case, although appellant June Martha Martin initially requested that the jury assess punishment in her case, she later changed her election pursuant to the agreement in chambers on January 17, 1983. This agreement was made prior to the reading of the indictment to the jury and the entry of appellant's plea in open court. Thus at the time of appellant June Martha Martin's plea, there was no election to have the jury assess punishment. We are compelled by the record in this cause to find that appellant did timely change her election and waive the right to have the jury assess punishment. Furthermore we note that she did not object to the dismissal of the jury, the presentation of evidence to the trial court or the assessment of punishment by the trial court. *Hackey v. State,* 500 S.W.2d 520 (1973); *Martin v. State,* 452 S.W.2d 481 (Tex.Cr.App.1970); *Singleton v. State,* 479 S.W.2d 672 (Tex.Cr.App. 1972).

We find that the Court of Appeals erred in holding that Article 1.13 V.A.C.C.P., had been violated in appellant June Martha Martin's case. We sustain the State's ground for review.

The judgment of the Court of Appeals in June Martha Martin's case is reversed and the case is remanded for consideration of appellant's remaining points of error.

WHITE, J., concurs in the result.

DUNCAN, Judge, concurring.

I again feel compelled to express my opposition to the Court's reviewing a court of appeals' judgment regarding the suffi-

ciency of evidence. In *Beardsley v. State,* 738 S.W.2d 681 (Tex.Cr.App.1988) (Duncan, J., Concurring and Dissenting Opinion), I stated that "[w]e should only *review* those Court of Appeals' decisions that erroneously impact the criminal law of this state." *Id.,* at 686. The court of appeals' subjective determination that there was sufficient evidence to convict Lloyd Dale Martin of aggravated possession of methamphetamine, even if it is erroneous as the majority has concluded, does not "erroneously impact the criminal law of this state." *Id.* Therefore, we should never have granted the appellants' petition for discretionary review.

On the other hand, since review was granted, I concur with the majority's conclusion "that the state did not sustain its burden of proof that appellant was a party to the offense of possession of methamphetamine."