**Delano PAYTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00788–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 30, 1992.

John Paschall, Hearne, for appellant.

Kyle Davis, Bryan, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of possession of a controlled substance, namely cocaine, with intent to deliver. TEX. HEALTH & SAFETY CODE ANN. § 481.112. He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.-42(d), at imprisonment for forty-eight years. Appellant raises nine points of error. We affirm.

The Brazos Valley Narcotics Task Force received information from two confidential informants that the residence located at 708 West 23rd St. in Bryan, Texas, was a "crack house." On February 26, 1991, the task force executed a search warrant at that residence, which was occupied at the time by appellant and another man. A search of the premises with drug-sniffing dogs uncovered approximately thirty-five grams of cocaine.

In his first point of error, appellant contends the trial court erred in allowing the jury to pose written questions to witnesses.

Investigator T.J. Hawkins, who was the affiant on the search warrant, testified that a fellow investigator found some cocaine inside a "Chicago Bulls" baseball cap, which, along with a photograph of the same, was admitted into evidence as State Exhibits 7 and 35, respectively. At the conclusion of questioning by the prosecutor and defense counsel, the trial court asked members of the jury if they had any questions. A question submitted in writing by a juror read as follows: "What is the black ball cap, State's Exhibit 35?" The court held a hearing outside the presence of the jury to determine the admissibility of the question. At that time, the court overruled defense counsel's objection to the entire procedure. The jury returned to the courtroom where the judge posed the tendered question, verbatim to Investigator Hawkins. In his response, Investigator Hawkins reiterated his earlier testimony that the cap was "recovered by Investigator Jones and it contained a rock of crack

cocaine." Both the prosecutor and defense counsel declined the court's invitation to ask follow-up questions limited to the subject matter of the question and the witness was excused.

This court has approved an identical procedure in *Allen v. State*, 807 S.W.2d 639, 641–42 (Tex.App.—Houston [14th Dist.] 1991, pet. granted) and *Buchanan v. State*, 807 S.W.2d 644, 645–46 (Tex.App.—Houston [14th Dist.] 1991, pet. granted). Even if it had been error for the court to allow juror questions, we conclude that any error was harmless beyond a reasonable doubt. TEX.R.APP.P. 81(b)(2). Only one question was submitted by a juror throughout the entire trial. Appellant concedes that his only objection was to the procedure, not to the form or admissibility of the question. Appellant does not contend that he was harmed by the question asked or the answer given. The question and answer at issue merely clarified the significance of a piece of evidence and did not prove an otherwise missing element of the offense. Appellant was not harmed by such an innocuous question and answer. *Carr v. State*, 475 S.W.2d 755, 757 (Tex.Crim.App. 1972), *cert. denied*, 409 U.S. 1099, 93 S.Ct. 919, 34 L.Ed.2d 682 (1973); *Nichols v. State*, 815 S.W.2d 306, 307–8 (Tex.App.— Houston [1st Dist.] 1991, no pet.). We overrule appellant's first point of error.

In his second and fourth points of error, appellant contends the State struck veniremembers Kimberly Paul and Sylvester Lister, in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986) and TEX.CODE CRIM.PROC.ANN. art. 35.261.

██ A prosecutor is prohibited by the equal protection clause of the Fourteenth Amendment from challenging potential jurors solely on the basis of race. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986). The burden of establishing a prima facie case of purposeful racial discrimination is on the defendant. *Tennard v. State*, 802 S.W.2d 678, 680 (Tex.Crim.App.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 2914, 115 L.Ed.2d 1077 (1991). To establish a prima facie case, a defendant is required to show that he is member of a cognizable racial group; that the prosecutor exercised peremptory challenges to remove from the veniremembers of the defendant's race; and, that these facts and any other relevant circumstances raise an inference that the prosecutor used the State's peremptory challenges to exclude veniremembers from the jury on account of their race. *Tennard*, 802 S.W.2d at 680; *Thompkins v. State*, 774 S.W.2d 195, 200 (Tex.Crim.App.1987), *aff'd by an equally divided Court*, 490 U.S. 754, 109 S.Ct. 2180, 104 L.Ed.2d 834 (1989).

██ Once the defendant makes a prima facie showing, the burden shifts to the State to come forward with racially-neutral explanations for the challenges. *Thompkins*, 774 S.W.2d at 201; *Keeton v. State*, 749 S.W.2d 861, 868 (Tex.Crim.App.1988). If the prosecutor articulates racially-neutral reasons for the strikes, the defendant may offer evidence showing that the prosecutor's reasons are merely a sham or pretext. *Keeton*, 749 S.W.2d at 868. At a hearing conducted pursuant to *Batson*, the trial judge is the factfinder, and it is his responsibility to weigh the evidence and determine the credibility of the witnesses. *Thompkins*, 774 S.W.2d at 202, n. 6. An appellate court is not free to substitute its judgment of the witnesses' credibility and evidentiary weight for those of the factfinder. 774 S.W.2d at 202. The trial court's ruling will not be reversed unless it is clearly erroneous. *Williams v. State*, 804 S.W.2d 95, 101 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991); *Tennard v. State*, 802 S.W.2d 678, 681 (Tex.Crim.App.1990); *Whitsey v. State*, 796 S.W.2d 707, 726 (Tex. Crim.App.1989) (opin. on State's motion for reh'g). To determine whether the factfinder's decision is "clearly erroneous," an appellate court must look to the record to see if it is left with the "definite and firm conviction that a mistake has been committed." *Hill v. State*, 827 S.W.2d 860 (Tex. Crim.App.1992); 796 S.W.2d at 721 (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985)). *Batson* has

been codified in article 35.261, which requires the trial court to call a new array if it finds that the State has challenged prospective jurors on the basis of race.

In the instant case, the trial court called upon the State to explain why it struck certain members of the venire, who were members of a cognizable racial group. The State contends that the burden is on the appellant, not the trial court, to establish a prima facie case of purposeful discrimination. While that may be true, the issue of whether the defendant established a prima facie case is moot where, as here, the prosecutor has articulated his reasons for the challenged peremptory strikes and the trial court has ruled on the ultimate question of intentional discrimination. *Hill,* 827 S.W.2d at 865.

■ The prosecutor struck Mr. Lister because he stated that he would have difficulty sitting in judgment of a defendant who was arrested on the basis of information supplied by a confidential informant without hearing the testimony of the informant. The prosecutor's challenge for cause of Mr. Lister was denied. Plainly, the prosecutor's peremptory strike of Mr. Lister was for the reason of Mr. Lister's bias toward the State's case.

■ The prosecutor struck Ms. Paul because she worked for the Department of Mental Health Mental Retardation (MHMR) and she knew another veniremember, Vickie Skrhak, who worked at MHMR. The prosecutor explained that MHMR employees did not make "proper" jurors because of their involvement with crack cocaine babies. He also stated that Ms. Paul's posture and responses reflected an apathetic attitude toward the proceedings and that she "came across as being an unwilling juror." Appellant points out that, while Ms. Paul and Ms. Skrhak were struck, another MHMR employee, Ruby Harris, served on the jury. *See Keeton,* 749 S.W.2d at 868 (disparate treatment of veniremembers is evidence of sham or pretext). The prosecutor noted, however, that he did not strike Ms. Harris because she had also worked for the Bryan Police Department. Appellant points out that the

prosecutor did not direct any questions to Ms. Paul to demonstrate her apathetic attitude toward the proceedings. *Id.* (lack of questioning to challenged juror is evidence of sham or pretext). While appellant's observation is correct, the trial court specifically found that Ms. Paul's answers and body language demonstrated a passive or apathetic attitude toward the proceedings. Prosecutors may rely on nonverbal as well as verbal aspects of a veniremember's answers in assessing whether a veniremember is hostile to the prosecutor in a particular case. *Hill,* 827 S.W.2d at 869–870; *Gaines v. State,* 811 S.W.2d 245, 250 (Tex.App.—Dallas 1991, pet. ref'd). Further, the reason for striking a particular juror need not rise to the level of a challenge for cause; it need only be racially neutral. *Thompkins,* 774 S.W.2d at 200; *Hawkins v. State,* 793 S.W.2d 291, 294 (Tex.App.—Dallas 1990, pet. ref'd). We cannot say that trial court's findings were clearly erroneous. We overrule appellant's second and fourth points of error.

■ In his third point of error, appellant contends the trial court erred in allowing the State to question veniremember Sylvester Lister "on the facts of the case."

During voir dire, the prosecutor questioned Mr. Lister as follows:

Q: Mr. Lister, when we spoke earlier you mentioned that you would require the State to, if there was a confidential informant, you would—you would want to hear from him and you—

A: I mean I'd have to see him in person or a tape, interview, just you know, of him saying that he saw and did this or did that.

Q: So you would have to hear testimony from him in order—

A: Yeah, that's—

[objection omitted]

Q: So if there was an instance where there is a confidential informant you require there to be testimony before you could decide on the guilt or innocence?

A: Well, it would help me make a really good decision, a better decision, you know, because you asking me to put this

guy in prison and—for so many years and if I was on trial I would, you know, like to be knowing who was accusing me or, let's see myself as his confidential witness that he's not involved in this kind of stuff hisself, that he's just kind of cut a deal. I don't know as I can base that he cut a deal with the law or something.

Q: So you'd have to know the situation behind the confidential informant, if there was one?

A: If there was one and I—I think—

Q: Oh it's okay. So, I guess the bottom line is, if there were a confidential informant would you be able to sit on the panel and decide if you heard no testimony, etc., from that person?

A: Hearing the test—someone else tell the confidential informant's words?

Q: Right.

A: I guess it's kind of hard for me to be judging of hearing someone else saying that this person is guilty and he wasn't— he's just relaying a statement of another person.

Q: So you would have a difficult time with that?

A: Uh-huh.

Q: And you don't think you'd be able to sit on the jury if that occurred?

A: It's hard to say. From a—what can you say? I don't know.

■ A trial court is given wide discretion to control voir dire; however, permissible areas of questioning the panel in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. *Shipley v. State*, 790 S.W.2d 604, 606 (Tex.Crim.App.1990). The decision of the trial court to restrict voir dire may only be reviewed to determine whether the restriction constitutes an abuse of discretion. *Allridge v. State*, 762 S.W.2d 146, 163 (Tex. Crim.App.), *cert. denied*, 489 U.S. 1040, 109 S.Ct. 1176, 103 L.Ed.2d 238 (1988). Discretion is abused when a proper question about a permissible area of inquiry is prohibited. *Id.* If the question is proper, an answer denied prevents intelligent use of the peremptory challenges and harm is shown. *Shipley*, 790 S.W.2d 609 (citing *Allridge*, 762 S.W.2d at 163). A question is

proper if it seeks to discover a juror's views on an issue applicable to the case. *Id.*

■ It is proper to use hypothetical fact situations, as the prosecutor did here, to *explain* the application of the law. *Cuevas v. State*, 742 S.W.2d 331, 336, n. 6 (Tex. Crim.App.1987), *cert. denied*, 485 U.S. 1015, 108 S.Ct. 1488, 99 L.Ed.2d 716 (1988) (*emphasis in original*); *Henry v. State*, 800 S.W.2d 612, 616 (Tex.App.—Houston [14th Dist.] 1990, no pet.). We find no abuse of discretion by the trial court in allowing the above questioning. We overrule appellant's third point of error.

■ In points five through eight, appellant complains about the admission of an extraneous offense. Sharon Green was arrested on February 26, 1991, shortly after leaving the premises where appellant was arrested. She testified that she made three purchases of cocaine from appellant at the residence in question approximately two days before appellant's arrest. Appellant argues that the admission of such evidence violated TEX.R.CRIM.EVID. 404(b) and 403 or, alternatively, that it should not have been admitted without a limiting instruction. Appellant also argues that the State failed to produce "clear and convincing evidence" that appellant committed the extraneous offense.

■ The trial court has discretion to exclude or admit evidence before the jury and an appellate court should not set aside the trial court's ruling absent a showing of abuse of that discretion. *See Montgomery v. State*, 810 S.W.2d 372, 390 (Tex.Crim. App.1990) (opin. on reh'g). The general rule is that an accused is entitled to be tried for the offense for which he is charged and not for some collateral crime nor for being a criminal generally. *Couret v. State*, 792 S.W.2d 106, 107 (Tex.Crim. App.1990). Evidence of the other crimes, wrongs or acts is inadmissible to show that a defendant acted in conformity with his or her character but is admissible for other relevant purposes, unless the probative value of the evidence is substantially outweighed by its prejudicial effect. *Mont-*

*gomery*, 810 S.W.2d at 387; *Couret*, 792 S.W.2d at 107; Tex.R.Crim.Evid. 404(b), 403.

Here, the State offered evidence of appellant's previous sale of cocaine to Sharon Green to prove that appellant's possession of a controlled substance was with intent to deliver. Appellant contends that evidence of his intent was not relevant because he did not contest that issue. This contention is without merit. The State has the burden of proving the essential elements of the offense beyond a reasonable doubt regardless of whether the defendant chooses to contest any of those elements. Clearly, evidence that appellant sold cocaine approximately two days before his arrest is relevant to whether he possessed cocaine with intent to deliver. Appellant argues that the State could have proved intent by other, less prejudicial means, including by the amount of controlled substance seized and/or by the testimony of Ron Johnson, the other man arrested in the house with appellant. We disagree. Evidence of the amount of controlled substance seized merely raises another inference about appellant's intent. *See Pollan v. State*, 612 S.W.2d 594, 596 (Tex.Crim. App. [Panel Op.] 1981); *See also Earvin v. State*, 632 S.W.2d 920, 924 (Tex.App.—Dallas 1982, pet. ref'd). In addition, the State could have called Ron Johnson to testify, yet, the record reflects that the defense did not call Johnson to testify on behalf of appellant because Johnson indicated that he would invoke the Fifth Amendment. There is nothing in the record which reflects that Johnson would have testified on behalf of the State. The probative value of the evidence outweighed any prejudicial effect. Tex.R.Crim.Evid. 403.

Appellant's argument that the State failed to prove the extraneous offense is equally without merit. Appellant maintains that, while Sharon Green testified that she made a purchase from appellant, she did not testify that she purchased cocaine and the State never introduced the cocaine into evidence. Green testified that she previously purchased *cocaine* at the residence in question. She added that she

made four purchases, including three from appellant, who she identified in court. Further, the State did not offer the cocaine because Green stated that she had smoked it.

Finally, appellant argues that the trial court should have granted his request for a limiting instruction upon the admission of the evidence. *Montgomery*, 810 S.W.2d at 388 (citing Tex.R.Crim.Evid. 105(a)). No limiting instruction is required when an extraneous offense is offered to directly prove one of the main issues in the indicted case such as motive, *intent* or malice. *Craig v. State*, 783 S.W.2d 620, 624 (Tex.App.—El Paso 1989, no pet.) (citing *Johnson v. State*, 509 S.W.2d 639, 640, n. 3 (Tex.Crim.App.1974) (*emphasis added*). Even if the trial court erred in failing to give a limiting instruction when the evidence was offered, the error was cured by the inclusion of a proper limiting instruction in the charge. We overrule points five through eight.

In his ninth point of error, appellant contends the trial court erred in overruling his motion for instructed verdict.

A challenge to the trial court's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of the evidence. *Madden v. State*, 799 S.W.2d 683, 686 (Tex.Crim.App.1990). In reviewing the sufficiency of the evidence the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim. App.1989). This standard applies to both direct and circumstantial evidence cases. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984).

Where an accused is charged with unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the

matter was contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988). Possession of contraband need not be exclusive, and evidence that shows the accused jointly possessed the contraband with another is sufficient. *Id.; McGoldrick v. State,* 682 S.W.2d 573, 578 (Tex. Crim.App.1985); *Rodriguez v. State,* 635 S.W.2d 552, 553 (Tex.Crim.App. [Panel Op.] 1982). On the other hand, mere presence at a place where contraband is being used or possessed by others does not justify a finding of joint possession. *Martin,* 753 S.W.2d at 387; *McGoldrick,* 682 S.W.2d at 578.

■ To support a conviction for possessing a controlled substance, evidence must affirmatively link the accused to contraband in a manner, and to such an extent, that a reasonable inference may arise that the accused knew of the contraband's existence and whereabouts. *Gallegos v. State,* 776 S.W.2d 312, 314 (Tex.App.—Houston [1st Dist.] 1989, no pet.) (citing *Martin,* 753 S.W.2d at 387; *Rodriguez,* 635 S.W.2d at 553). The link can be circumstantial if the evidence excludes every other reasonable hypothesis except the guilt of the accused. *Castro v. State,* No. 835–90, slip op. at 3, 1992 WL 1131 (Tex.Crim.App., January 8, 1992) (not yet reported); *Humason v. State,* 728 S.W.2d 363, 365 (Tex.Crim.App. 1987); *Winter v. State,* 725 S.W.2d 728, 731 (Tex.App.—Houston [1st Dist.] 1986, no pet.). Proof that amounts only to a strong suspicion or mere probability is insufficient to support a conviction. *Humason,* 728 S.W.2d at 365. The "reasonable hypothesis test" does not mean that, if evidence is presented at trial suggesting innocence, the jury cannot find the defendant guilty. *Castro,* slip op. at 3. Juries are charged with the responsibility of resolving factual questions and may reject evidence and testimony that suggests innocence. *Id.* "The rule that evidence must exclude every reasonable hypothesis of innocence refers to evidence which the jury believes and relies upon to support its verdict." *Id. (quoting State v. Poellinger,* 153 Wis.2d 493, 451 N.W.2d 752, 756 (1990)).

Appellant contends that there is insufficient evidence linking him to the contraband seized. Appellant cites *Damron v. State,* 570 S.W.2d 933 (Tex.Crim.App. [Panel Op.] 1978), arguing that here, like the defendant in *Damron,* he was not in exclusive possession of the premises or contraband at the time of his arrest. *Damron,* stands for the proposition that, where an accused is not in exclusive possession of the premises, the accused cannot have knowledge and control of narcotics unless there are "additional independent facts and circumstances which affirmatively link the accused to the narcotics." 570 S.W.2d at 935–36. In *Damron,* evidence of possession of marihuana was held insufficient where the accused was not present at the residence at the time of the search and there was no evidence that the accused lived there. 570 S.W.2d at 936. In the instant case, the owner of the house at 708 West 23rd St. testified that appellant began renting from her in February 1991 and that she saw appellant moving furniture into the house. Appellant paid $150.00 in cash for the first month's rent. Billing records for 708 West 23rd St. reflect that utilities were installed in appellant's name and that charges were consistent with someone living there. At the time of his arrest, appellant was standing on the screened-in porch with the screen door locked. He was also present during the execution of the search warrant. Upon the search of the house, a substantial amount of narcotics and drug paraphernalia was discovered in plain view and hidden throughout the house. Viewing the evidence in the light most favorable to the prosecution, we hold there is sufficient evidence to sustain appellant's conviction. We overrule appellant's ninth point of error and affirm the judgment of the trial court.