TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00264-CR







David Homer Childress, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0994556, HONORABLE JON N. WISSER, JUDGE PRESIDING







The district court found appellant David Homer Childress guilty of possessing less
than one gram of cocaine and assessed punishment at incarceration in a state jail for fifteen
months. See Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 2000). Appellant
contends the evidence is legally insufficient to sustain the conviction. We will overrule this
contention and affirm.

The facts were undisputed. Shortly after midnight on September 12, 1999, Austin
Police Officer James Green found appellant lying on a sidewalk, either asleep or unconscious. 
Beside appellant was a water bottle with the cap off, a syringe, a small carpet knife, and a small
plastic bag containing what proved to be cocaine. The officer noticed "a good sized little red welt
inside [appellant's] elbow." Based on his training and experience, the officer believed this to be
a needle mark. Green woke appellant after taking possession of the knife and bag. The officer
testified, "I asked him about his knife, asked him if it was his knife. He said yes. I asked him if
it was water. He said yes. I asked him if it was his dope. He said no. He claimed it [belonged
to] a friend of his." The officer saw no one else in the area. The carpet knife had no residue on
it. The syringe appeared to be unused. The bottle cap had a small amount of liquid in it. 
Appellant smelled of alcohol and appeared to be intoxicated. He told the officer he had been
drinking. The officer believed that appellant "had been using or was getting ready to use the
cocaine to shoot up."

Evidence is legally sufficient to support a criminal conviction if, after viewing all
the evidence in the light most favorable to the verdict, any rational trier of fact could have found
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S.
307, 324 (1979); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In order to
prove unlawful possession of a controlled substance, the State must prove that the accused
exercised care, control, and management of the substance, and that the accused knew the substance
was contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1987); Hackleman v.
State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd untimely filed). A shorthand
way of expressing the State's burden of proof is to say that the accused must be affirmatively
linked to the contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Appellant urges that the evidence does not affirmatively link him to the cocaine,
citing this Court's opinion in Tatum v. State, 836 S.W.2d 323 (Tex. App.--Austin 1992, pet.
ref'd). In that case, the defendant was seen by police officers inside an abandoned house. Id. at
323. He ran from the house, but was stopped a short distance away. Id. at 324. Officers found
a syringe containing a small amount of cocaine a few feet from where the defendant was stopped,
but no one saw him drop it to the ground. Id. Inside the house where the defendant was first
seen, police found a jar of water, a syringe cap, and a piece of cotton in the concave bottom of an
overturned soft drink can. Id. There was testimony that these items appeared to be a kit of the
sort used by addicts to prepare cocaine for injection. Id.

This Court found the evidence in Tatum legally insufficient to sustain the
conviction. Id. at 327. The critical factor underlying that conclusion was that the defendant had
been tried before the court of criminal appeals announced in Geesa v. State, 820 S.W.2d 154, 161
(Tex. Crim. App. 1991), that the "reasonable hypothesis analytical construct" would no longer be
used in circumstantial evidence cases. See Tatum, 836 S.W.2d at 324 n.1. The Court wrote:


Because the finding of Tatum's guilt rests entirely on circumstantial
evidence, . . . the State carries certain burdens on appeal. First, we cannot sustain
the conviction if the circumstances do not exclude every other reasonable
hypothesis except Tatum's guilt. Second, to show Tatum exercised "care, custody,
control or management" over the cocaine, the State must have adduced evidence of
additional independent facts and circumstances which affirmatively link Tatum to
the cocaine.


An affirmative link generates a reasonable inference that the accused knew
of the existence of the contraband and exercised control over it. The link may be
circumstantial if the evidence excludes every other hypothesis except the guilt of
the accused.



Id. at 324-25 (citations omitted). The Court concluded that the circumstantial evidence did not
negate the reasonable hypothesis that someone else dropped the syringe. Id. at 327.

Tatum's conviction was not reversed because the State failed to affirmatively link
him to the cocaine, but because the links were circumstantial and did not exclude every other
reasonable hypothesis. The "reasonable hypothesis analytical construct" does not apply to the
appeal now before us. See Geesa, 820 S.W.2d at 161. Although the State's evidence must still
affirmatively link appellant to the cocaine, the link need not exclude all reasonable hypotheses
except appellant's guilt. Brown, 911 S.W.2d at 747. 


[E]vidence which affirmatively links [the accused] to [the contraband] suffices for
proof that he possessed it knowingly. Under our precedents, it does not really
matter whether this evidence is direct or circumstantial. In either case it must
establish, to the requisite level of confidence, that the accused's connection with
the drug was more than just fortuitous. This is the whole of the so-called
"affirmative links" rule. 



Id.

Appellant was found lying on a sidewalk beside a bag of cocaine, a syringe, and
a bottle cap. A prominent needle mark was visible on his arm. The officer saw no other persons
in the vicinity. When asked by the officer "if it was his dope," appellant did not express surprise
or ignorance, but immediately claimed that it belonged to another person. From this, the court
could reasonably infer that appellant knew of the cocaine's presence. Viewing this evidence in
the light most favorable to the State, the district court could rationally conclude beyond a
reasonable doubt that appellant knowingly exercised care, control, or management over the
cocaine.


Appellant's challenge to the sufficiency of the evidence is overruled, and the
judgment of conviction is affirmed.



 __________________________________________

 J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed: November 30, 2000

Do Not Publish


m. App. 1987); Hackleman v.
State, 919 S.W.2d 440, 444 (Tex. App.--Austin 1996, pet. ref'd untimely filed). A shorthand
way of expressing the State's burden of proof is to say that the accused must be affirmatively
linked to the contraband. Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Appellant urges that the evidence does not affirmatively link him to the cocaine,
citing this Court's opinion in Tatum v. State, 836 S.W.2d 323 (Tex. App.--Austin 1992, pet.
ref'd). In that case, the defendant was seen by police officers inside an abandoned house. Id. at
323. He ran from the house, but was stopped a short distance away. Id. at 324. Officers found
a syringe containing a small amount of cocaine a few feet from where the defendant was stopped,
but no one saw him drop it to the ground. Id. Inside the house where the defendant was first
seen, police found a jar of water, a syringe cap, and a piece of cotton in the concave bottom of an
overturned soft drink can. Id. There was testimony that these items appeared to be a kit of the
sort used by addicts to prepare cocaine for injection. Id.

This Court found the evidence in Tatum legally insufficient to sustain the
conviction. Id. at 327. The critical factor underlying that conclusion was that the defendant had
been tried before the court of criminal appeals announced in Geesa v. State, 820 S.W.2d 154, 161
(Tex. Crim. App. 1991), that the "reasonable hypothesis analytical construct" would no