NUMBERS 13-06-633-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI EDINBURG 


 


MARILYN EHLERS 

A/K/A MARYLIN EHLERS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 
 

On appeal from the 105th District Court of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Garza



 Appellant, Marilyn Ehlers a/k/a Marylin Ehlers, was indicted for possession of less
than one gram of cocaine. See Tex. Health & Safety Code Ann. § 481.102(3)(d) (Vernon
Supp. 2006), § 481.115 (Vernon 2003). Appellant pleaded not guilty. A jury found
appellant guilty and the trial court sentenced her to two years' imprisonment, probated for
four years' community supervision, and imposed a $1,000 fine. On appeal, appellant
contends the evidence is legally insufficient to support her conviction. We affirm.

Factual and Procedural Background

 On May 7, 2006, several police officers of the Corpus Christi Police Department were
called out as back up by Officer Justin Evans. Evans testified that he saw appellant driving
the car in question when she pulled up to the scene of a police investigation at a home. 
Appellant did not remain at the home. Evans testified that when he left the scene of the
investigation at the home and came towards the middle of the street, he noticed the vehicle
appellant had been driving parked on the wrong side of the street. Because Evans was in
the middle of his own investigation, he called in the officers to investigate, and upon their
arrival Evans returned to his investigation. Officer Daryl Anderson testified that he received
the call to investigate a vehicle parked on the wrong side of the road obstructing traffic. He
testified that he found appellant sitting on the passenger's side of the car and that she was
the only person in the car. Officer Norman Wayne Morton testified that appellant was the
only person in or around the car and that she was found sitting in the passenger seat of the
car with car keys in her hand. Officer Morton further testified that, when he asked appellant
to step out of the car to perform a sobriety test, he noticed what he believed to be a
homemade crack pipe on the floorboard of the passenger side of the car. Morton explained
that the glass crack pipe was burned on both ends, one end was broken off, a brillo pad
was pushed all the way to the other side leaving scratches, the glass looked frosted, and
the inside was coated with smoked cocaine. (1) After a further search of the vehicle, Officer
Morton found two homemade crack pipes and a lipstick case containing residue of crack
cocaine. Officer Morton also found a purse lying on the floorboard of the passenger side
of the car with the lipstick case "[o]n the purse. It's, like, in and out." (2) Appellant admitted
the purse was hers. Officer Morton also testified he considered the area where appellant
was found to be dangerous and known for drug distribution. 

 Appellant was subsequently charged and found guilty of possession of a controlled
substance. This appeal ensued. By one issue, appellant contends the evidence is legally
insufficient to support her conviction.

Standard of Review

 An appellate court reviews a challenge to the legal sufficiency of the evidence by
viewing the evidence in the light most favorable to the verdict to determine whether any
rational trier of fact could have found the essential elements of the offense beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Sanders v. State, 119
S.W.3d 818, 820 (Tex. Crim. App. 2003). When reviewing the legal sufficiency of the
evidence, the reviewing court examines all the evidence on the record, both direct and
circumstantial, whether admissible or inadmissible. Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999). When conflicting inferences can be made, the reviewing court
presumes the trier of fact resolved any conflict in favor of the prosecution, and the reviewing
court will defer to that resolution. Jackson, 443 U.S. at 326; Matson v. State, 819 S.W.2d
839, 846 (Tex. Crim. App. 1991). The role of the reviewing court is not as an additional trier
of fact, but instead a final, due process safeguard ensuring the rationality of the trier of fact. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988) (en banc). 

 Sufficiency of the evidence is measured by the elements of the crime as defined by
the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997). The hypothetically correct charge "accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular offense for
which the defendant was tried." Id. 

Analysis 

 To support a conviction for possession of less than one gram of cocaine, the State
must prove the accused: (1) exercised control, management, or care over the substance;
and (2) had knowledge that the matter possessed was contraband. Poindexter v. State,
153 S.W.3d 402, 405 (Tex. Crim. App. 2005) (citing Joseph v. State, 897 S.W.2d 374, 376
(Tex. Crim. App. 1995); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988)). 

 The State does not have to show that the accused had exclusive possession of the
controlled substance. Damron v. State, 570 S.W.2d 933, 934 (Tex. Crim. App. 1978) (citing
Collini v. State, 487 S.W.2d 132, 135-36 (Tex. Crim. App. 1972)). When the accused is not
in exclusive possession of the location where the contraband is found, the State must
establish additional independent facts and circumstances that affirmatively link the accused
in such a manner that it can be concluded that the accused had knowledge of the
contraband and exercised control over it. Poindexter, 153 S.W.3d at 406; Naquin v. State,
607 S.W.2d 583, 586 (Tex. Crim. App. 1980). Affirmative links may be proved with
circumstantial evidence, but proof that creates only a strong suspicion or even a probability
will not suffice. Jenkins v. State, 76 S.W.3d 709, 712 (Tex. App.-Corpus Christi 2002, pet.
ref'd). Affirmative links protect the innocent bystander and establish "that the accused's
connection with the drug was more than just fortuitous." Poindexter, 153 S.W.3d at 406;
Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). 

 Courts have identified a number of factors that may help show an affirmative link to
controlled substances. See, e.g., Poindexter, 153 S.W.3d at 406; Jenkins, 76 S.W.3d at
712-13; Lassaint v. State, 79 S.W.3d 736, 740 (Tex. App.-Corpus Christi 2002, no pet.);
Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.-Houston [1st Dist.] 1994, pet. ref'd). The
following is a non-exclusive list of factors that has been found to affirmatively link a
defendant to contraband: (1) whether the contraband was in plain view or recovered from
an enclosed place; (2) the accused was the owner of the premises or had the right to
possess the place where the contraband was found, or was the owner or driver of the
automobile in which the contraband was found; (3) the accused was found with a large
amount of cash; (4) the contraband was conveniently accessible to the accused, or found
on the same side of the vehicle as the accused was sitting; (5) the contraband was found
in close proximity to the accused; (6) a strong residual odor of the contraband was present;
(7) the accused possessed other contraband when arrested; (8) paraphernalia to use the
contraband was in view, or found on the accused; (9) the physical condition of the accused
indicated recent consumption of the contraband in question; (10) conduct by the accused
indicated a consciousness of guilt; (11) the accused attempted to flee; (12) the accused
made furtive gestures; (13) the accused had a special connection to the contraband; (14)
the occupants of the premises gave conflicting statements about relevant matters; (15) the
accused made incriminating statements connecting himself to the contraband; (16) the
quantity of the contraband; and (17) the accused was observed in a suspicious area under
suspicious circumstances. Jenkins, 76 S.W.3d at 712-13; Lassaint, 79 S.W.3d at 741. The
court determines whether the evidence is sufficient to affirmatively link the accused to the
contraband on a case by case basis. Jenkins, 76 S.W.3d at 713, Lassaint, 79 S.W.3d at
741; Whitworth v. State, 808 S.W.2d 566, 569 (Tex. App.-Austin 1991, pet. ref'd). The
"logical force" the factors create to prove the defendant knowingly possessed the controlled
substance is more important than the number of factors present. Jenkins, 76 S.W.3d at
713; Lassaint, 79 S.W.3d at 741; Jones v. State, 963 S.W.2d 826, 830 (Tex.
App.-Texarkana 1998, pet. ref'd); Hurtado v. State, 881 S.W.2d 738, 743 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd); Gilbert v. State, 874 S.W.2d 290, 298 (Tex.
App.-Houston [1st Dist.] 1994, pet. ref'd). The defendant's actions toward the contraband
or the police may be considered an affirmative link. Payne v. State, 480 S.W.2d 732, 734
(Tex. Crim. App. 1972); Granados v. State, 843 S.W.2d 736, 740 (Tex. App.-Corpus Christi
1992, no pet.).

 Appellant argues the evidence affirmatively linking her to the cocaine is legally
insufficient to support her conviction because she did not exercise control, management,
or care over the contraband. She argues that her mere proximity to the drugs is insufficient. 

 In the light most favorable to the verdict, the record shows the following affirmative
links between appellant and the cocaine: appellant was seen driving the car; appellant was
found with car keys in her hand; appellant was the sole occupant of the car; the lipstick case
that contained cocaine residue was found "half in and half out" of appellant's purse; and two
homemade crack pipes that were coated with smoked cocaine were found in the car, with
one of them lying on the floorboard by appellant's feet. Appellant was also found with the
cocaine and drug paraphernalia in an area known for drugs. Based on these facts, a
rational trier of fact could have found beyond a reasonable doubt that appellant possessed
cocaine. Accordingly, we conclude the evidence is legally sufficient to support appellant's
conviction for possession. Appellant's sole issue is overruled. 

Conclusion

 The judgment of the trial court is affirmed. 


 _________________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 12th day of July, 2007.
1. Officer Cesario Perez testified that he had extensive experience and training concerning drug paraphernalia
and that the two crack pipes introduced into evidence as State's exhibit number 1 appeared to be crack pipes,
used to smoke cocaine or methamphetamine, and that one of them contained some white residue. 
2. Officer Morton testified that the purse was lying on its side because it appeared to have fallen down. Officer
Morton described a makeup case inside the purse as "sitting on top of the purse on the inside. It was half in
and half out." Officer Morton testified that it appeared as if the contents of the purse were "spilling out" and
the lipstick case was "in and out" of the purse.