IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-92-402-CR




TINA MARIE ARNOLD, a/k/a TINA MARIE WEST,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




NO. 3-92-403-CR




TERRY LYNN GALLION,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT



NOS. CR91-259 & CR91-258, HONORABLE TED BUTLER, JUDGE PRESIDING



 





 After the jury found appellants guilty of the offense of possession of a controlled
substance, methamphetamine, in an amount of less than twenty-eight grams, Tex. Health & Safety
Code Ann. § 481.115 (West 1992), the trial court assessed punishment for each appellant at
confinement for seven years probated and a fine of five hundred dollars. In their first three points
of error, appellants assert that the trial court erred in admitting evidence of extraneous offenses. 
In their fifth point of error, appellants contend that the cumulative effect of the trial court's errors
denied them a fair trial. In her fourth point of error, appellant Arnold contends that the evidence
is insufficient to support her conviction. In his fourth point of error, appellant Gallion contends
that the trial court erred in refusing to grant his requested jury charge. We will reverse the
convictions and remand for a new trial.

 At the outset, we address appellant Arnold's fourth point of error that the evidence
is insufficient to sustain her conviction because there are no affirmative links to prove that she
possessed a controlled substance. Armed with a search warrant, officers searched apartment
number two at 1119 North Walnut Street in New Braunfels on May 4, 1991, where they recovered
methamphetamine, marihuana and drug paraphernalia. Criminal investigator Danny Ybarra of
the United States Custom Service testified that appellants and two other persons were seated
around the kitchen table when the officers entered the apartment through an unlocked doorway. 
After presenting appellants with the search warrant and reading them their Miranda rights,
appellants were asked if they would like to "show us where the drugs are before we have to start
searching." Ybarra stated that Gallion turned toward Arnold and said, "Let's show them." 
Arnold "quietly nodded her head in agree[ment]." Gallion reached behind the table where he and
Arnold were seated, opened a cabinet door, and removed a plastic container containing marihuana. 
At Ybarra's request, Gallion took the officers to a bedroom he shared with Arnold where Gallion
produced two plastic containers, one of which contained two baggies of methamphetamine. An
expired driver's license and an envelope, both in Arnold's name, were found in the bedroom. In
addition, a razor blade with a mirror used "to chop up methamphetamine," a "roach clip," a
container, a rolled two-dollar bill "used to snort cocaine," paraphernalia used to manufacture and
purify methamphetamine, zig-zag rolling papers, and scales were seized in the bedroom. Ybarra
stated that he had learned from his experience and training that these items were paraphernalia
used in the drug trade.

 In reviewing the sufficiency of the evidence we must determine whether, viewing
the evidence in the light most favorable to the conviction, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319 (1979); Casillas v. State, 733 S.W.2d 158, 160 (Tex. Crim. App. 1986), appeal
dismissed, 484 U.S. 918 (1987). The standard of review is the same for direct and circumstantial
evidence cases. Geesa v. State, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991). The elements
of the offense of possession of a controlled substance are (1) care, control and management over
the contraband; and (2) knowledge by the accused that the substance was contraband. Martin v.
State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). To show possession of contraband when
the defendant is not in exclusive control or possession of the substance, additional facts and
circumstances must be shown that affirmatively link the accused to the contraband. Id. at 387.

 In the instant cause, we find sufficient affirmative links to place Arnold in joint
possession of the contraband. Arnold's presence at the apartment, her assent to showing the
officers the drugs, a driver's license and an envelope, both bearing Arnold's name in the bedroom
where the methamphetamine was found, and the presence of numerous items of drug paraphernalia
in the same bedroom were all links connecting Arnold to the drugs. Viewing the evidence in the
light most favorable to the verdict, we hold that any rational trier of fact could have found
sufficient affirmative links between Arnold and the contraband to find the essential elements of
the offense beyond a reasonable doubt. Appellant Arnold's fourth point of error is overruled.

 In their third point of error, appellants assert that the trial court erred in admitting
evidence of an extraneous unadjudicated offense at the guilt-innocence stage of the trial. After
Comal County deputy sheriff Johnny Gray testified that he had occasion to make contact with
appellants on September 29, 1991, appellants requested a hearing out of the presence of the jury
that the trial court denied. Appellants then stated that they were objecting "under Rule 404(b) of
the Texas Rules of Evidence which states that the State must show the court the reason that they
are attempting to introduce the evidence. And I [defense counsel] am requesting the State to do
that at this time." After the foregoing objection was overruled, appellants objected "Under Rule
403 because any probative value of this evidence may or may not have is going to be outweighed
by its prejudicial effect." When this objection was overruled, appellant requested that the trial
court explain why the probative value would not be outweighed by its prejudicial effect. The trial
court in effect denied the request by stating, "I don't have to explain anything." Defense counsel
then made the following objection:



And to be specific for the record, Judge, if you don't mind, that at this point in
time there has not been an issue such as identity, knowledge or other element
relative to the utilization of the extraneous offense that would justify the admission
of the extraneous offense in proving that element. Secondly, that such would be
prejudicial to the client, my defendant, that it cannot in any way resolve a disputed
situation and it cannot in any way at this time resolve any element that the State has
to prove in this case until it is so shown by the State that these are things which can
be resolved or that there is a dispute relative to the various things which I have
indicated to the Court such as identity, knowledge or any other element of the
crime itself.



After the trial court overruled this objection, Gray testified that he stopped a vehicle in which
appellants were traveling a short distance from the city limits of New Braunfels and searched the
vehicle. Gray stated that a field test he made on a substance he found in appellants' vehicle
provided a "positive return" for methamphetamine.

 When a party attempts to adduce evidence of "other crimes, wrongs or acts" the
opponent should object that such evidence is inadmissible under Rule 404(b). Montgomery v.
State, 810 S.W.2d 372, 387 (Tex. Crim. App. 1990). It is then incumbent upon the proponent
to show that the proffered evidence has relevance apart from its tendency "to prove character of
a person in order to show that he acted in conformity therewith." Tex. R. Crim. Evid. 404(b);
Montgomery, 810 S.W.2d at 387. The trial court should honor the opponent's request, and in the
event the proponent prevails in convincing the trial court that the evidence has relevance apart
from character, the opponent must object under Rule 403 that the evidence is subject to exclusion
on the ground of unfair prejudice. See Tex. R. Crim. Evid. 403; Montgomery, 810 S.W.2d at
388. "[T]he trial court has no discretion to refuse a request to conduct a Rule 403 balancing of
probativeness versus prejudice and decide whether to exclude evidence of misconduct in spite of
its admissibility under Rule 404(b)." Montgomery, 810 S.W.2d at 390. We reject the State's
contention that appellants' objection failed to preserve anything for review. Appellants' request
that the State show the relevance of the extraneous offense was overruled. The Montgomery court
stated, "It would have been better had the prosecutor articulated this purpose in response to
appellant's objection at trial, not only to facilitate the trial court's ruling, as well as appellate
review thereof, but also to enable appellant to request an appropriate limiting instruction." Id.
at 394.

 In the instant cause, the State urges on appeal that the evidence of the extraneous
offense was admissible to prove identity, motive, and intent. See Rule 404(b). Assuming,
arguendo, that the extraneous offense was admissible for any of the purposes articulated by the
State, we must determine whether the probative value is substantially outweighed by the danger
of unfair prejudice. The Montgomery court furnished the following analysis in determining the
existence of unfair prejudice.



First, the question of prejudice is not solely a function of whether the jury would
likely convict appellant of the wrong offense, or for "general criminality." 
Evidence of "other crimes, wrongs, or acts" may also create "unfair prejudice" if
under the circumstances a jury would be more likely to draw an impermissible
character conformity inference than the permissible inference for which the
evidence is relevant, or if it otherwise distracts the jury from "the specifically
charged offense" and invites them to convict on a moral or emotional basis rather
than as a reasoned response to the relevant evidence. Second, in weighing
prejudice against probative value, the court of appeals failed to make any inquiry
into the State's need for the evidence.



Id. at 395.

 While the evidence of the unadjudicated offense may have had relevance to show
that appellants had knowledge of the contraband in the apartment, there was a far greater potential
for the jurors to conclude that the extraneous offense showed that appellants were acting in
conformity with their character. The State's presentation of evidence of appellants' willingness
to show the officers the contraband, together with evidence of appellants' presence at the location
of the contraband and drug paraphernalia, negated the need for the State to show the extraneous
offense. We hold that the probativeness of the evidence was substantially outweighed by the
danger of unfair prejudice, and that the trial court abused its discretion in admitting the
unadjudicated extraneous offense. Appellants' third point of error is sustained.

 Because of our holding in appellants' third point of error, we do not address the
remaining points of error.

 The judgments are reversed and the causes remanded for a new trial.



 

 Tom G. Davis, Justice

Before Justices Powers, Aboussie and Davis*

Reversed and Remanded on Both Causes

Filed: August 31, 1994

Do Not Publish

















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).