# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00264-CR

**David Homer Childress, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT
## NO. 0994556, HONORABLE JON N. WISSER, JUDGE PRESIDING

The district court found appellant David Homer Childress guilty of possessing less than one gram of cocaine and assessed punishment at incarceration in a state jail for fifteen months. *See* Tex. Health & Safety Code Ann. § 481.115(a), (b) (West Supp. 2000). Appellant contends the evidence is legally insufficient to sustain the conviction. We will overrule this contention and affirm.

The facts were undisputed. Shortly after midnight on September 12, 1999, Austin Police Officer James Green found appellant lying on a sidewalk, either asleep or unconscious. Beside appellant was a water bottle with the cap off, a syringe, a small carpet knife, and a small plastic bag containing what proved to be cocaine. The officer noticed "a good sized little red welt inside [appellant's] elbow." Based on his training and experience, the officer believed this to be a needle mark. Green woke appellant after taking possession of the knife and bag. The officer

testified, "I asked him about his knife, asked him if it was his knife. He said yes. I asked him if it was water. He said yes. I asked him if it was his dope. He said no. He claimed it [belonged to] a friend of his." The officer saw no one else in the area. The carpet knife had no residue on it. The syringe appeared to be unused. The bottle cap had a small amount of liquid in it. Appellant smelled of alcohol and appeared to be intoxicated. He told the officer he had been drinking. The officer believed that appellant "had been using or was getting ready to use the cocaine to shoot up."

Evidence is legally sufficient to support a criminal conviction if, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In order to prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, control, and management of the substance, and that the accused knew the substance was contraband. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1987); *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.–Austin 1996, pet. ref'd untimely filed). A shorthand way of expressing the State's burden of proof is to say that the accused must be affirmatively linked to the contraband. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Appellant urges that the evidence does not affirmatively link him to the cocaine, citing this Court's opinion in *Tatum v. State*, 836 S.W.2d 323 (Tex. App.–Austin 1992, pet. ref'd). In that case, the defendant was seen by police officers inside an abandoned house. *Id.* at

2

323. He ran from the house, but was stopped a short distance away. *Id*. at 324. Officers found a syringe containing a small amount of cocaine a few feet from where the defendant was stopped, but no one saw him drop it to the ground. *Id*. Inside the house where the defendant was first seen, police found a jar of water, a syringe cap, and a piece of cotton in the concave bottom of an overturned soft drink can. *Id*. There was testimony that these items appeared to be a kit of the sort used by addicts to prepare cocaine for injection. *Id*.

This Court found the evidence in *Tatum* legally insufficient to sustain the conviction. *Id*. at 327. The critical factor underlying that conclusion was that the defendant had been tried before the court of criminal appeals announced in *Geesa v. State*, 820 S.W.2d 154, 161 (Tex. Crim. App. 1991), that the "reasonable hypothesis analytical construct" would no longer be used in circumstantial evidence cases. *See Tatum*, 836 S.W.2d at 324 n.1. The Court wrote:

> Because the finding of Tatum's guilt rests entirely on circumstantial evidence, . . . the State carries certain burdens on appeal. First, we cannot sustain the conviction if the circumstances do not exclude every other reasonable hypothesis except Tatum's guilt. Second, to show Tatum exercised "care, custody, control or management" over the cocaine, the State must have adduced evidence of additional independent facts and circumstances which affirmatively link Tatum to the cocaine.
>
> An affirmative link generates a reasonable inference that the accused knew of the existence of the contraband and exercised control over it. The link may be circumstantial if the evidence excludes every other hypothesis except the guilt of the accused.

*Id*. at 324-25 (citations omitted). The Court concluded that the circumstantial evidence did not negate the reasonable hypothesis that someone else dropped the syringe. *Id*. at 327.

3

Tatum's conviction was not reversed because the State failed to affirmatively link him to the cocaine, but because the links were circumstantial and did not exclude every other reasonable hypothesis. The "reasonable hypothesis analytical construct" does not apply to the appeal now before us. *See Geesa*, 820 S.W.2d at 161. Although the State's evidence must still affirmatively link appellant to the cocaine, the link need not exclude all reasonable hypotheses except appellant's guilt. *Brown*, 911 S.W.2d at 747.

> [E]vidence which affirmatively links [the accused] to [the contraband] suffices for proof that he possessed it knowingly. Under our precedents, it does not really matter whether this evidence is direct or circumstantial. In either case it must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called "affirmative links" rule.

*Id*.

Appellant was found lying on a sidewalk beside a bag of cocaine, a syringe, and a bottle cap. A prominent needle mark was visible on his arm. The officer saw no other persons in the vicinity. When asked by the officer "if it was his dope," appellant did not express surprise or ignorance, but immediately claimed that it belonged to another person. From this, the court could reasonably infer that appellant knew of the cocaine's presence. Viewing this evidence in the light most favorable to the State, the district court could rationally conclude beyond a reasonable doubt that appellant knowingly exercised care, control, or management over the cocaine.

Appellant's challenge to the sufficiency of the evidence is overruled, and the judgment of conviction is affirmed.

_____

J. Woodfin Jones, Justice

Before Justices Jones, Kidd and Yeakel

Affirmed

Filed:   November 30, 2000

Do Not Publish

5