# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00194-CR

**Durick Lamont Bynaum, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 20,413-CR, HONORABLE EDWARD P. MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After a jury found appellant Durick Lamont Bynaum guilty of possessing less than one gram of cocaine, the district court assessed his punishment at two years in a state jail. Tex. Health & Safety Code Ann. ' 481.115(a), (b) (West Supp. 2003). Bynaum=s sole point of error is that the evidence is legally insufficient to sustain his conviction. We will overrule this contention and affirm.

Bynaum was the driver and only occupant of a car stopped by Cameron Police Officer Jeff Gogolewski for a minor traffic offense. After stopping, Bynaum immediately got out of the car and walked back to the officer=s vehicle. Bynaum did not have a driver=s license but properly identified himself. A license check disclosed that Bynaum=s license had been suspended. Gogolewski arrested Bynaum for driving while license suspended and placed him in the patrol car. Then, over Bynaum=s vociferous

objections, the officer searched Bynaum=s car.  Gogolewski found a small, unlabeled bottle in the driver=s door pocket.  Inside the bottle, the officer saw small chips of what proved to be crack cocaine.

Bynaum testified that the car he was driving belonged to his father-in-law, although it had been purchased by his wife and previously registered in his name.  He said that he and his wife regularly drove the car, which was Aparked in various places.@  He did not know the last time the car was driven by his father-in-law.  He denied knowing that the cocaine was in the car or how it came to be there.  He acknowledged a previous conviction for cocaine possession.

Evidence is legally sufficient to support a criminal conviction if, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981).  In order to prove unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management of the substance, and that the accused knew the substance was contraband.  *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1987); *Hackleman v. State*, 919 S.W.2d 440, 444 (Tex. App.CAustin 1996, pet. ref=d, untimely filed).  A shorthand way of expressing the State=s burden of proof is to say that the accused must be affirmatively linked to the contraband.  *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).  It does not matter whether this link is proved by direct or circumstantial evidence.  *Id*.

Bynaum points to several possible affirmative links that are *not* present in this case: he did not flee from the officer, he was not the only person with access to the car, the cocaine was not in plain view, his fingerprints were not shown to be on the bottle, he was not shown to be intoxicated, and he did

**2**

not have cocaine on his person. There was, however, considerable evidence linking Bynaum to the cocaine. He was alone in the car in which the cocaine was found. The bottle containing the cocaine was in the driver=s side door and easily accessible to him. Although the car was registered to Bynaum=s father-in-law, it had been purchased by his wife and was regularly used by both of them; indeed, he testified that it was their sole transportation. When stopped, Bynaum immediately got out of the car and walked to the officer=s vehicle, from which the jury could infer that he did not want the officer to approach his car. The jury also heard the testimony regarding Bynaum=s strong objections to the search of the car incident to his arrest, and knew that he had a previous conviction for possession of cocaine.[1] Viewing this evidence in the light most favorable to the verdict, we hold that a rational trier of fact could find that Bynaum knowingly possessed the cocaine.

Although he does not bring forward a point of error challenging the factual sufficiency of the evidence, some of Bynaum=s arguments seem to raise the issue. Viewing the evidence neutrally, and considering the possibility of alternative hypotheses other than Bynaum=s guilt, we conclude that the proof of guilt is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury=s determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

---

[1] No limiting instruction regarding the previous conviction was requested or given.

We overrule Bynaum=s challenge to the sufficiency of the evidence and affirm the judgment of conviction.

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   April 10, 2003

Do Not Publish

4