Affirmed and Memorandum Opinion filed January 7, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00167-CR

___________________

 

MARK LYNNZIE WICKER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee



 



 

On
Appeal from the 300th District Court

Brazoria County,
Texas



Trial Court Cause No. 56,250

 



 

 

MEMORANDUM OPINION

            A jury convicted appellant, Mark Lynnzie Wicker, of
possession of a controlled substance.  The jury assessed punishment at 35
years’ confinement in the Institutional Division of the Texas Department of
Criminal Justice.  In a single issue, appellant challenges the legal and
factual sufficiency of the evidence to support his conviction.  We affirm.

I.  Background

            In
September, 2007, Officer Timothy Niemeyer of the Pearland Police Department
received an anonymous tip that a house at 1106 Lockmore in Pearland had a high
amount of traffic coming to and from the house and the individual believed the
traffic was due to drug activity.  On October 3, 2007, Officer Niemeyer went to
the house along with a uniformed officer to conduct a “knock and talk”
investigation.  When the officers knocked on the door, Kenneth Evans answered
the door.  Officer Niemeyer identified himself and explained that he had
received a report of narcotics activity.  Evans identified himself as the
homeowner and gave consent to search his home.  Prior to searching the home, Officer
Niemeyer identified the three people who were living in the house as Stacy
Nichols, who slept in the bedroom with Evans, Rachel Ortiz, who had the second
bedroom, and appellant, who occupied the third bedroom.  Officer Niemeyer
obtained consent to search the individual bedrooms from the occupants of the
rooms.

            The
search revealed a pipe used for smoking crack cocaine in Evans’s and Nichols’s
room and a crack pipe in Ortiz’s room.  Before the officers searched
appellant’s room, they obtained confirmation that appellant was the only
occupant of the bedroom.  In a box on the dresser in appellant’s bedroom, they
found a crack pipe and a vial containing two rocks of cocaine.  Officers also
found a bottle of liquid codeine in the kitchen refrigerator.  At trial,
appellant stipulated that he had lived in the house for a “lengthy period of
time.”  Appellant was arrested and convicted of possession of cocaine.

II.  Legal and Factual Sufficiency of the Evidence

            In
a single issue, appellant challenges the legal and factual sufficiency of the
evidence to support his conviction.  

When reviewing legal sufficiency, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the elements of the offense beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318–19, 99 S.Ct.
2781, 2788–89, 61 L.Ed.2d 560 (1979); Cardenas v. State, 30 S.W.3d 384,
389 (Tex. Crim. App. 2000).  The jury, as the trier of fact, is the sole judge
of the credibility of the witnesses and of the strength of the evidence. Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the testimony.  Sharp v. State,
707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with conflicting
evidence, we presume the trier of fact resolved conflicts in favor of the
prevailing party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App.
1993).

In evaluating the
factual sufficiency of the evidence, we view all the evidence in a neutral
light and will set aside the verdict only if we are able to say, with some
objective basis in the record, that the conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury’s verdict.  Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006).  We do not intrude upon the fact-finder’s role as the
sole judge of the weight and credibility of witness testimony.  See id.;
Fuentes, 991 S.W.2d at 271.

            A
person commits an offense if that person knowingly or intentionally possesses a
controlled substance.  See Tex. Health & Safety Code Ann. §
481.115(b) (Vernon Supp. 2009).  When an accused is charged with unlawful
possession of cocaine, the State must prove: (1) the defendant exercised actual
care, custody, control, or management over the contraband and (2) the accused
knew the object he possessed was contraband. See Hyett v. State, 58
S.W.3d 826, 830 (Tex. App.—Houston [14th Dist.] 2001, pet. ref’d).  Regardless
of whether the evidence is direct or circumstantial, it must establish that the
defendant’s connection with the drug was more than fortuitous.  Evans v.
State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006).  The evidence must
affirmatively link the defendant to the offense so that one may reasonably
infer the defendant knew of the contraband’s existence and exercised control
over it.  Hyett, 58 S.W.3d at 830.  Mere presence at the location where
drugs are found is insufficient, by itself, to establish actual care, custody
or control of the drugs.  Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1985).  However, presence or proximity, when combined with other
evidence, may be sufficient to establish that element beyond a reasonable
doubt.  Evans, 202 S.W.3d at 162.

            When
the accused is not in exclusive possession of the place where the drugs are
found, the State must show additional affirmative links between the accused and
the drugs.  Cedano v. State, 24 S.W.3d 406, 411 (Tex. App.—Houston [1st
Dist.] 2000, no pet.).  An affirmative link generates a reasonable inference
that the accused knew of the contraband’s existence and exercised control over
it.  Johnson v. State, 658 S.W.2d 623, 627 (Tex. Crim. App. 1983).  Some
relevant factors that may affirmatively link an accused to contraband include:
(1) the defendant’s presence when a search is conducted; (2) whether the drugs
were in plain view; (3) the defendant’s proximity to and the accessibility of
the drugs; (4) whether the defendant was under the influence of narcotics when
arrested; (5) whether the defendant possessed other contraband or narcotics
when arrested; (6) whether the defendant made incriminating statements when
arrested; (7) whether the defendant attempted to flee; (8) whether the defendant
made furtive gestures; (9) whether there was an odor of drugs; (10) whether
other contraband or drug paraphernalia were present; (11) whether the defendant
owned or had the right to possess the place where the drugs were found; (12)
whether the place where the drugs were found was enclosed; (13) whether the
defendant was found with a large amount of cash; and (14) whether the conduct
of the defendant indicated a consciousness of guilt.  Olivarez v. State,
171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  The number
of links is not dispositive, but rather, the logical force of all of the
evidence.  Evans, 202 S.W.3d at 162.

            In
this case, appellant was present when the search was conducted and gave consent
to the search of his bedroom.  The drugs were not found in plain view, but in a
box on top of appellant’s dresser.  The drugs were in appellant’s bedroom, so
he had access to them.      Three
crack pipes and a bottle of liquid codeine were also found in the house. 
Further, appellant admitted that he was a long-time resident of the house and
that he was the sole occupant of the bedroom where the drugs were found. (this
fact needs to be in here somewhere)   

            Appellant
argues that he was cooperative and that no evidence was introduced that he
attempted to flee or make any furtive gestures.  He further argues that the
other drug paraphernalia and the liquid codeine were not found in his bedroom
and no drugs were located on his person, nor did he own the home.  Appellant
argues that his actions are indicative of an individual who had nothing to hide
and was not guilty of committing any offense.

After reviewing the evidence under the appropriate
standard of review, we conclude that the circumstantial evidence was legally
sufficient to connect appellant to the actual care, custody, control or
management of the cocaine found in his bedroom.  Appellant seems to argue that
all of the links must be present for the evidence to be found sufficient.  To
the contrary, it is the logical force of the circumstantial evidence, not the
number of links, that supports a jury’s verdict.  The logical force of the
combined pieces of evidence, coupled with reasonable inferences from them, is
sufficient to establish beyond a reasonable doubt, that appellant exercised
actual care, custody, control or management of the cocaine.  Further, viewing
the evidence in a neutral light, the evidence supporting the conviction is not
so weak that the jury’s determination is clearly wrong and manifestly unjust,
nor does the conflicting evidence so greatly outweigh the evidence supporting
the conviction that the jury’s determination is manifestly unjust.  Appellant’s
sole issue is overruled

            The
judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).