# NO. 12-18-00359-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ANWAR LAMON HOLMES,*<br>*APPELLANT* | § | *APPEAL FROM THE 115TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *UPSHUR COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Anwar Lamon Holmes appeals his conviction for possession of a controlled substance. In a single issue, Appellant asserts the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

On July 2, 2017, Appellant was driving on Highway 259 in Upshur County when he threw a beer can out of his window. The can hit another vehicle and cracked the windshield. The driver called 911, and the Department of Public Safety (DPS) responded. Trooper Jonathan Anderson initiated a traffic stop. He began to suspect that Appellant was intoxicated and requested backup. After Trooper Sandy Taylor arrived, he found a clear plastic bag directly behind Appellant's front passenger tire. Appellant was arrested for both driving while intoxicated and possession of a controlled substance. It was later determined that the bag contained 16.4 grams of cocaine.

Appellant was charged by indictment with possession of four or more but less than 200 grams of cocaine, with intent to deliver. The indictment also contained an enhancement paragraph reflecting a Harris County conviction for assault on a public servant. Prior to trial, the State filed a Notice of Enhancement alleging a Harris County conviction for possession of a controlled substance and a Cass County conviction for delivery of a controlled substance. Ultimately, the jury found Appellant "guilty" of the lesser included offense of possession of four or more but less

than 200 grams of cocaine. Appellant pleaded "true" to all three enhancement allegations, and the jury assessed his punishment at imprisonment for eighty years. This appeal followed.

**SUFFICIENCY OF THE EVIDENCE**

In his sole issue, Appellant contends the evidence is insufficient to support his conviction. Specifically, he challenges the sufficiency of the evidence to connect him to possession of the recovered cocaine.

**Standard of Review and Applicable Law**

In Texas, the ***Jackson v. Virginia*** legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Legal sufficiency is the constitutional minimum required by the Due Process Clause of the Fourteenth Amendment to sustain a criminal conviction. *See **Jackson v. Virginia***, 443 U.S. 307, 316–17, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979). The standard for reviewing a legal sufficiency challenge is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See **id.***, 443 U.S. at 319, 99 S. Ct. at 2789. The evidence is examined in the light most favorable to the verdict. ***Id.*** A successful legal sufficiency challenge will result in rendition of an acquittal by the reviewing court. *See **Tibbs v. Florida***, 457 U.S. 31, 41–42, 102 S. Ct. 2211, 2217–18, 72 L. Ed. 2d 652 (1982). This familiar standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See **Jackson***, 443 U.S. at 319, 99 S. Ct. at 2789.

Under this standard, we may not sit as a thirteenth juror and substitute our judgment for that of the factfinder by reevaluating the weight and credibility of the evidence. *See **Dewberry v. State***, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999); *see also **Brooks***, 323 S.W.3d at 899. Instead, we defer to the factfinder's resolution of conflicting evidence unless the resolution is not rational. *See **Brooks***, 323 S.W.3d at 899–900. When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the prosecution and therefore defer to that determination. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Direct and circumstantial evidence are treated equally. ***Id.*** Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient

to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime charged. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge would include one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

## Applicable Law

To satisfy the elements of manufacture or delivery of a controlled substance as alleged in the indictment, the State was required to prove that Appellant knowingly possessed with intent to deliver four or more but less than 200 grams of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (c) (West 2017).

To prove unlawful possession of a controlled substance, the state must prove that the accused (1) exercised care, control, or management over the contraband and (2) knew the matter was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This evidence, whether direct or circumstantial, must establish to the requisite level of confidence that the defendant's connection with the substance was more than merely fortuitous. *Id*. at 405-06. The defendant's mere presence at a place where the substance is possessed by others does not render him a joint possessor of the substance or party to the offense. *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, presence or proximity when combined with other evidence can establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006).

A nonexclusive list of factors relevant to possession—or "affirmative links"—includes (1) the defendant's presence during the search, (2) whether the contraband was in plain view, (3) the contraband's proximity and accessibility to the defendant, (4) whether the defendant was under the influence of narcotics, (5) whether the defendant possessed other contraband, (6) whether the defendant made incriminating statements, (7) whether the defendant attempted to flee, (8) whether the defendant made furtive gestures, (9) whether there was an odor of contraband, (10) whether other contraband or drug paraphernalia was present, (11) whether the defendant owned or had the

3

right to possess the place where the contraband was found, (12) whether the place where the drugs were found was enclosed, (13) whether the defendant was found with a large amount of cash, and (14) whether the conduct of the defendant indicated consciousness of guilt. *Id*. at 162 n.12. Possession is established not by a certain number of these links but by the logical force of all the evidence. *Id*. at 162.

## Analysis

Appellant alleges that the possession evidence against him is insufficient because the testimony connecting him to the cocaine is speculative. He further argues that no evidence other than his presence near the cocaine links him to the drugs and that this evidence is insufficient to support the jury's finding of guilt.

The evidence at trial included the video of the stop from Trooper Anderson's patrol car. The video was played for the jury during trial, and the jury requested to view it during deliberations. The video reflects nothing lying on the ground behind Appellant's tire at the beginning of the traffic stop. Trooper Anderson made his initial contact with Appellant by speaking with him through the passenger side window. After that initial encounter, no one spends time on the passenger side of Appellant's vehicle. When Trooper Anderson left to speak with the other driver, Appellant moves around in his vehicle and then quickly opens and shuts the driver's side door. After Trooper Taylor arrives, he walks past the passenger side and sees a bag on the ground behind Appellant's passenger front tire. He moves it out with his foot and then shows it to Trooper Anderson.

Trooper Taylor testified that he recovered the bag from the rear side of the passenger front tire. He further stated that the bag was in line with the tire pattern on Appellant's vehicle. In his opinion, if the bag had been on the ground when Appellant pulled over, it would have been "smashed" by the vehicle instead of the "round form it was in." Trooper Anderson also testified that the bag was not crushed or damaged and did not appear to have been run over by a vehicle.

Accordingly, Appellant was present when the contraband was found, the patrol video shows nothing on the ground at the time of the stop, Appellant is seen moving around inside the vehicle just before quickly opening and closing the driver's side door, and the contraband was subsequently found directly behind Appellant's front passenger's side tire in a condition that did not reflect it had been driven over by a vehicle. The logical force of the evidence establishes that Appellant exercised care, control, or management over the contraband and knew the matter was

contraband.  *See **Poindexter***, 153 S.W.3d at 405; ***Evans***, 202 S.W.3d at 162.  Viewing the evidence in the light most favorable to the verdict, we conclude that the jury was rationally justified in finding, beyond a reasonable doubt, that Appellant committed the offense of possession of a controlled substance.  *See **Poindexter***, 153 S.W.3d at 405.  Because the evidence is sufficient to show that Appellant possessed the cocaine, we overrule Appellant's sole issue.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**BRIAN HOYLE**
Justice

Opinion delivered April 30, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 30, 2019**

**NO. 12-18-00359-CR**

**ANWAR LAMON HOLMES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 115th District Court
of Upshur County, Texas (Tr.Ct.No. 17852)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*