NO. 07-02-0327-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JULY 25, 2003



______________________________




BILLY TYRONE REED, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;



NO. 4791; HONORABLE KELLY G. MOORE, JUDGE



_______________________________



Before JOHNSON, C.J., CAMPBELL, J., and BOYD, S.J. (1) 

 In this appeal, appellant Billy Tyrone Reed challenges his conviction of possession
of a controlled substance in an amount of more than four grams but less than 200 grams,
with the intent to deliver. His punishment was assessed by the trial court at 35 years
confinement in the Institutional Division of the Department of Criminal Justice. In mounting
his challenge, he presents a single issue for our determination in which he argues the trial
evidence was insufficient to corroborate the accomplice testimony of Anthony Miller and
was, therefore, insufficient to sustain his conviction. Disagreeing with that proposition, we
affirm the judgment of the trial court.

 The thrust of appellant's challenge in this appeal is, as he states, that the evidence
is insufficient to corroborate the accomplice testimony of Anthony Miller. He does not
contest that if the evidence sufficiently corroborates the accomplice testimony, the
evidence is sufficient to sustain the conviction. Our discussion, therefore, is limited to the
question of whether the evidence sufficiently corroborates Miller's testimony. Article 38.14
of the Code of Criminal Procedure provides that a conviction cannot be had upon the
testimony of an accomplice witness unless that testimony tends to corroborate that
testimony. Tex. Code Crim. Proc. Ann. art. 38.14 (Vernon 1979). The test for sufficient
corroboration is to eliminate from consideration the accomplice testimony and then
examine the other inculpatory evidence to ascertain whether the remaining evidence tends
to connect the defendant with the offense. Burks v. State, 876 S.W.2d 877, 887 (Tex.
Crim. App. 1994), cert. denied, 513 U.S. 1114, 115 S.Ct. 909, 130 L.Ed.2d 791 (1995). 
The non-accomplice evidence does not have to directly link appellant to the crime, nor
does it alone have to establish his guilt beyond a reasonable doubt, but rather, the non-accomplice testimony merely has to tend to connect appellant to the offense. McDuff v.
State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997). Tendency to connection rather than
rational sufficiency is the standard, thus the corroborating evidence need not be sufficient
by itself to establish guilt. Solomon v. State, 49 S.W.3d 356, 361 (Tex. Crim. App. 2001). 

 When an accused is charged with unlawful possession of a controlled substance,
the State must prove two elements: 1) the accused exercised care, control and
management over the contraband, and 2) that the accused knew the matter was
contraband. Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However,
possession of the contraband need not be exclusive and evidence that the accused jointly
possessed the contraband with another is sufficient. Id. 

 We agree with appellant that Anthony Miller is an accomplice as a matter of law. 
Thus, because of the question we must decide, it is necessary to briefly review the non-accomplice testimony. Brownfield Police Detective David Cox testified that on November
8, 2001, he received an anonymous telephone call that appellant was selling drugs at 302
West Warren in Brownfield. He contacted Investigator Jason Johnson of the Estacado
Narcotics Task Force. A controlled buy was set up, a search warrant for the house was
obtained, and Officer Cox, together with Brownfield Detective Roger Baker, set up video
surveillance on the premises. On the date in question, from 9:45 p.m. to 11:30 p.m., the
officer operated a police video camera across the street from the house at 302 West
Warren Street. The surveillance team made a video tape during that time and kept a log
about the activity at the house. During the time of the surveillance, Cox averred appellant's
blue Cadillac automobile was parked at the house. It was also parked there the next day
while the search warrant was being executed. The officer testified that during the time of
the surveillance, 12 different vehicles drove up and stayed for an average of less than
three minutes which, he observed, was typical for a drug transaction.

 Cox also participated in the execution of the search warrant, which took place about
5:00 a.m. the next day on November 9, 2001. His duty was to secure the back bedroom,
where he found appellant and appellant's wife in bed. Both appellant and his wife had their
clothes on, with appellant on top of the sheets and his wife under the sheets. Cox
conducted a pat-down search for weapons of the couple. He did not discover any
weapons, but did notice bulges in appellant's pockets, later determined to be cash. Cox
did not find a controlled substance in the bedroom where the couple was found, but he
suspected that those substances were located in other places in the house. He took
appellant and his wife into the living room, where four other occupants of the house had
been taken. Cox said he did not have personal knowledge that appellant was in the house
during the period of his surveillance. The officer thought appellant lived at the Warren
Street address, but he said that appellant had a residence listed as 620 North Bell Street
in Brownfield, and appellant's automobile registration listed the Bell Street address.

 Brownfield Detective Roger Baker, who also participated in the search and was part
of the surveillance team, testified that on many occasions he had seen appellant at the
Warren Street address and he knew that to be appellant's home. After he and Cox did not
find any controlled substance in the bedroom, he was called back into the living room to
make a log of the property found and seized by Agent Johnson. As he entered the living
room, Agent Johnson pointed out a silver cigarette packet that contained a clear plastic
baggy. The bag contained a white powdered substance similar in form and substance to
powdered cocaine. Agent Johnson also pointed out to him three small white rocks that
appeared to be rock cocaine located underneath the couch cushions. Johnson showed
him a Craftsman three-eighths deep socket that appeared to him to have been used as a
crack pipe. On the living room floor, between two couches, he saw a plastic bag containing
numerous small white rocks that appeared to be rock cocaine. There was money lying
beside the baggies. He also saw a "blunt" lying on a pool table also located in the living
room. A "blunt" is a hollowed out cigar with marijuana packed inside of it. In a room down
"the hallway on the left," which appeared to be a game room, there was marijuana residue
all over a table. There were also some dishes located in the room with marijuana residue
on them and he could smell marijuana smoke in the house. Neither he or any other of the
officers present asked appellant what the money in his possession was for, nor did he
perform any tests on the items he supposed were drugs. He did not open the cigar to see
what was in it. Bryant Reed, Demetrick Ward, Bruce Reed and Anthony Miller were the
others who were in the house at the time of the search. Baker took possession of the
baggies and other items from Johnson and delivered them to the Department of Public
Safety laboratory for testing. Scott Williams, a Department of Public Safety chemist,
testified that he had tested the baggie containing the small rocks and that it weighed 12.05
grams and contained cocaine.

 Agent Johnson testified that he been informed from several confidential informants
about drug trafficking at the West Warren address. He averred that appellant had been
under surveillance for some time, beginning at appellant's mother's house on Tahoka
Road. Johnson had observed appellant living at the Warren Street address for a couple
of months prior to the search. He said he was the lead officer during the search, which
was not conducted until the early morning of November 9 because of the large volume of
traffic. He identified a video tape of the surveillance and search, and it was received into
evidence. He said that the search resulted in the discovery of two baggies of what
appeared to be rock cocaine in the living room between the couches. He also found a
"blunt" on a pool table and a Winston cigarette box containing two baggies of what
appeared to be powdered cocaine. Appellant was also found in possession of $3,085 in
bills of small denominations.

 Johnson found a piece of plastic covering a door frame with a card table in the
enclosed area which, according to him, appeared to be placed there to keep the smell of
marijuana in the room. He also found several stereos and amplifiers in one of the rooms
and, in his experience, those kind of items were commonly traded for drugs. There was
also a picture of appellant and Ethel Reed in the bedroom on which were the words
"Homies forever." There were other pictures, some of which were duplicates of the
pictures on the wall, including one of appellant and Ethel in the living room. The money
found on appellant consisted of ten $1 bills, 13 $5 bills, 33 $10 bills, 84 $20 bills, six $50
bills, and seven $100 bills. These denominations indicated to Johnson that the money was
the result of narcotics trafficking because it is common to sell rock cocaine in $5, $10, $20,
and $40 amounts.

 Johnson also said that there were two dogs outside, a Rottweiler and a Pit Bull. 
That type of dog is commonly kept by drug dealers to discourage intruders. Johnson also
testified that the Precious Day Care Center was less than 1000 feet from where the drugs
were found. The money was never claimed by anyone and the State forfeited it as the
proceeds of drug sales.

 Suffice it to say that the evidence, which we have set out in rather exhaustive detail,
was more than sufficient to corroborate the testimony of the accomplice witness Anthony
Miller. Miller testified that he began selling drugs for appellant in October of 2001, and was
doing so on the night before the search warrant was executed. He averred that he would
sell crack cocaine for appellant, who would pay him at the end of each week. He also said
that appellant lived at the Warren Street address where the contraband was located. The
evidence is amply sufficient to sustain the verdict of the jury.

 Accordingly, appellant's issue is overruled and the judgment of the trial court is
affirmed. 

 John T. Boyd

 Senior Justice


Do not publish.

1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003). 


 0;
 mso-font-charset:0;
 mso-generic-font-family:auto;
 mso-font-pitch:variable;
 mso-font-signature:262147 0 0 0 1 0;}
@font-face
 {font-family:"Cambria Math";
 panose-1:2 4 5 3 5 4 6 3 2 4;
 mso-font-charset:0;
 mso-generic-font-family:roman;
 mso-font-pitch:variable;
 mso-font-signature:-1610611985 1107304683 0 0 159 0;}
@font-face
 {font-family:"WP TypographicSymbols";
 panose-1:0 0 4 0 0 0 0 0 0 0;
 mso-font-charset:0;
 mso-generic-font-family:auto;
 mso-font-pitch:variable;
 mso-font-signature:3 0 0 0 1 0;}
 /* Style Definitions */
 p.MsoNormal, li.MsoNormal, div.MsoNormal
 {mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-parent:"";
 margin:0in;
 margin-bottom:.0001pt;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
p.MsoFootnoteText, li.MsoFootnoteText, div.MsoFootnoteText
 {mso-style-unhide:no;
 mso-style-link:"Footnote Text Char";
 margin:0in;
 margin-bottom:.0001pt;
 text-align:justify;
 mso-pagination:widow-orphan;
 mso-layout-grid-align:none;
 text-autospace:none;
 font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:"Times New Roman";
 mso-bidi-font-family:"Times New Roman";}
span.MsoFootnoteReference
 {mso-style-unhide:no;
 vertical-align:super;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:12.0pt;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 mso-ascii-font-family:Arial;
 mso-hansi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0106.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0106.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0106.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0106.cr%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-title-page:yes;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO. 07-09-0106-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL B

 

FEBRUARY 17, 2010

_____________________________

 

JESSE EARL ANDREWS,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

____________________________

 

FROM THE 251ST
DISTRICT COURT OF RANDALL COUNTY;

 

NO. 20512-C;
HONORABLE ANA ESTEVEZ, JUDGE

______________________________

 

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant, Jesse Earl Andrews, was convicted of burglary
of a building.[1]  After appellant pleaded true to the
allegations contained in the enhancement paragraph, the jury sentenced him to
20 years confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Appellant has appealed
the trial court=s decision.  We affirm.

Appellant=s attorney has filed an Anders brief and a
motion to withdraw.  Anders v.
California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 498
(1967).  In support of his motion
to withdraw, counsel certifies that he has diligently reviewed the record, and
in his opinion, the record reflects no reversible error upon which an appeal
can be predicated.  Id.
at 744-45.  In compliance with High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App.
1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court=s judgment. 
Additionally, counsel has certified that he has provided appellant a
copy of the Anders brief and motion to withdraw and appropriately
advised appellant of his right to file a pro se response in this
matter.  Stafford v.
State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991).  The court has also advised appellant of his
right to file a pro se response. 
Appellant has filed a response which we have carefully
reviewed.  After reviewing the response
filed by appellant, we note that it does not raise any additional grounds to
support an appeal.

By his Anders
brief, counsel raises grounds that could possibly support an appeal, but
concludes the appeal is frivolous.  We
have reviewed these grounds and made an independent review of the entire record
to determine whether there are any arguable grounds which might support an
appeal.  See Penson
v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d
300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).  We have found no such arguable
grounds and agree with counsel that the appeal is frivolous.

Accordingly, counsel=s motion to withdraw is hereby granted and the trial
court=s judgment is affirmed.[2]

 

                                                                                    Mackey
K. Hancock

                                                                                             Justice

 

 

Do
not publish.

 











[1] See Tex.
Penal Code Ann. § 30.02(a)
(Vernon 2003).





[2]Counsel
shall, within five days after this opinion is handed down, send his client a
copy of the opinion and judgment, along with notification of appellant=s
right to file a pro se petition for discretionary review.  See Tex.
R. App. P. 48.4.