CHOICE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-003-CR

DAUNSHEA CHOICE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Daunshea Choice appeals his conviction and twenty-year sentence for possession of a controlled substance of less than two hundred grams but more than four grams.  In two issues, appellant complains that the evidence is legally and factually insufficient to support the jury’s verdict.  We affirm.

II.  Background Facts

On February 21, 2004, appellant was arrested in White Settlement following a routine traffic stop that revealed several traffic warrants.  Before inititating the stop, Officer Cody Spencer checked the license plate number of appellant’s Acura but mistakenly entered the wrong number.  Officer Spencer, incorrectly believing that appellant’s license plate did not belong to the Acura, stopped appellant.

After Officer Spencer stopped the Acura, appellant told him that he had a gun underneath the driver’s seat.  Officer Spencer and Officer Wade Bowdre conducted a search of the Acura and found nothing except the handgun that had the serial numbers filed off.  After determining that appellant’s traffic warrants were still valid, Officer Spencer arrested appellant and transported him to jail while Officer Bowdre waited for a tow truck to arrive.  Jason May, the tow truck driver, moved the Acura onto his flatbed truck and placed it at a forty-five degree angle.  When May reached inside the Acura to apply its emergency brake, he noticed a baggie that contained what he believed to be drugs.  Consequently, May contacted the White Settlement Police Department, and Officer Bowdre went to the storage facility to retrieve the baggie.  A later analysis showed that the baggie contained 10.58 grams of cocaine.  Appellant was charged with and convicted of possession of a controlled substance and sentenced to twenty years in prison.

III.  Sufficiency of the Evidence

Appellant contends that the evidence is legally and factually insufficient to support the jury’s verdict that he knowingly or intentionally possessed the controlled substance. 

A.  Standards of Review

1.  Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

2.  Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the
 verdict.  
Watson
, 204 S.W.3d 417.

B.  Applicable Law

A person commits a second-degree felony if the person knowingly or intentionally possesses a controlled substance of more than four grams but less than two hundred grams.  
See
 
Tex. Health & Safety Code Ann. ྷ 481.115 (
a), (d) (Vernon 2003).  The State must prove that the accused exercised control,  management, or care over the controlled substance and knew the substance was contraband.  
Evans v. State
, 202 S.W.3d 158, 161 (Tex. Crim. App.  2006).  If the police do not find the controlled substance in the exclusive possession of the accused, the State must establish more than fortuitous connections between the accused and the controlled substance.  
Poindexter v. State
, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005).
 

 To establish the accused’s knowing or intentional possession of a controlled substance, “affirmative links” must be shown. 
 Martin v. State
, 753 S.W.2d 384, 386-87 (Tex. Crim. App. 1988); 
Olivarez v. State
, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Some factors that can establish “affirmative links” include 
the defendant’s presence when a search is conducted, whether the contraband was in plain view or recovered from a hidden location, the defendant’s proximity to and the accessibility of the narcotic, whether the defendant owned or had the right to possess the place where the drugs were found, whether the place where the drugs were found was enclosed, whether the defendant was found with a large amount of cash, whether the conduct of the defendant indicated a consciousness of guilt, and whether the defendant possessed a weapon. 
 
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
 171 S.W.3d at 291
; 
Taylor v. State
, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  These factors are not a litmus test and should be evaluated in light of the logical force of all the direct and circumstantial evidence to determine the result.  
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
, 171 S.W.3d at 291
.

C.  Analysis

Appellant contends that there are insufficient links connecting him to the cocaine.  We disagree.  

At trial, Tifford Watkins, appellant’s brother-in-law, testified that he sold the Acura to appellant three to four months before appellant’s arrest.  Further, Watkins took the Acura apart to repair and clean it before selling it, and he never saw drugs in the car.  Appellant’s wife, Pauline Choice, testified that four other individuals, including herself, had driven the Acura during the three months that appellant owned it.  However, Watkins testified that appellant did not let anyone else drive it. 

Officer Spencer testified that when he first stopped appellant, he noticed appellant “moving around in the passenger compartment of the car.”  Further, after instructing appellant to exit the Acura, Officer Spencer found a loaded gun in the car with filed-off serial numbers.  The officers did not find the cocaine.   After appellant’s arrest, 
Jason May, the tow-truck driver, loaded the Acura onto a tow truck at a forty-five-degree angle.  When May returned to the Acura to put the emergency brake on, he found a baggie containing what he believed to be drugs near the passenger seat.  A later analysis showed that the baggie contained 10.58 grams of cocaine.  Further, at the time of his arrest, appellant had $772.31 in cash on hand, even though he had only recently obtained employment.
 

In determining ownership and accessibility of drugs, the issue is not how many people had access to or owned the place where the drugs are found, but rather that appellant was the only person in control when the drugs were found.  
Evans
, 202 S.W.3d at 164.  Even though appellant’s wife testified that other people had driven the Acura, a reasonable juror could find that appellant’s use of the Acura just before the discovery of the cocaine showed accessibility to and ownership of the place where the drugs were found.  
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
, 171 S.W.3d at 291.
 

Further, suspicious behavior such as moving and looking around is consistent with behavior of a person carrying drugs.  
See Cabrales v. State
, 932 S.W.2d 653, 657 (Tex. App.—Houston [14th Dist.] 1996, no pet.).  Here, the jury could have concluded that appellant’s motions inside the car showed furtive behavior consistent with a person carrying drugs.  
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
, 171 S.W.3d at 291.

A large amount of money by itself does not provide a connection to the contraband, but when considered with other circumstantial evidence, it does provide probative value in connecting the accused with the contraband. 
See Evans
, 202 S.W.3d at 165.  The presence of a weapon can also be an affirmative link between an accused and drugs.  
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
, 171 S.W.3d at 291.
  Here, appellant had only recently obtained employment, but he had over $700 in cash with him during his arrest.  He also had a loaded handgun with filed-off serial numbers under the seat
.  

Considering all of these links together, the jury could have found beyond a reasonable doubt that appellant knowingly and intentionally possessed the cocaine.  
See 
Martin
, 753 S.W.2d at 386-87; 
Olivarez
, 171 S.W.3d at 291
.  
Further, the evidence supporting the conviction is not so weak, nor the contrary evidence so overwhelming, that the jury’s verdict is clearly wrong or manifestly unjust.  
Therefore, we hold that the 
evidence is both legally and factually sufficient to support the jury’s finding.
  
Accordingly, we overrule appellant’s two issues.

IV.  Conclusion

Having overruled appellant’s two issues, we affirm the trial court’s judgment.  

PER CURIAM

PANEL F: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: February 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.