# NO. 12-16-00302-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GEORGE RAY HOLMES,*<br>*APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, George Ray Holmes, appeals from his conviction for possession of a controlled substance. In his first issue, Appellant contends the trial court abused its discretion in admitting evidence of an extraneous offense. In his second issue, Appellant maintains the evidence is insufficient to support his conviction. We affirm.

### BACKGROUND

Officer Quinton McClure of the Lufkin Police Department was patrolling at 1:00 a.m. on October 20, 2015. At Lucky's Convenience Store, he noticed a GMC truck parked at a gas pump. The truck had one door open and no one in or about the vehicle. A routine check of the truck's license plate revealed that the license plate was for a Ford F150 truck, not the GMC truck. Officer McClure saw Appellant inside the store. In response to the officer's inquiries, Appellant identified himself as the truck's owner. He told Officer McClure that he recently bought the truck. The license plates, he said, were the same ones that were on the truck when he bought it. In attempting to verify whether Appellant had a valid driver's license, Officer McClure discovered Appellant's license had been suspended and there were three active arrest warrants for Appellant for class "C" misdemeanors. Officer McClure placed Appellant under arrest.

The truck had not been stolen. Officer McClure gave Appellant the opportunity to call someone to whom they could release the truck rather than tow it to the police department. The officer called several numbers the Appellant gave him, but could not find anyone to whom the truck could be released.

Because the truck had to be towed, Officer McClure began a routine inventory of its contents. He saw a clear plastic bag, containing a white substance, in plain view on the floor in front of the console. Officer McClure thought the white substance was probably cocaine. Next to the plastic bag, but not so easily seen, he found a Mentos gum box containing what he thought was crack cocaine. Field tests confirmed the substance in the Mentos gum box was cocaine. However, the substance in the clear plastic bag was methamphetamine. Officer McClure also found baggies, and straw that he believed to be of the type used to snort cocaine. Laboratory analysis showed the crack cocaine found in the Mentos gum box weighed 0.4 grams.

The jury found Appellant guilty of possession of less than one gram of cocaine. The jury also found the indictment's two enhancement allegations to be "true" and assessed Appellant's punishment at confinement for seven years. This appeal followed.

## EVIDENCE OF EXTRANEOUS OFFENSE

In his first issue, Appellant complains that "["t]he trial court erred in admitting the testimony of Officer McClure concerning evidence of methamphetamine because it was irrelevant and because its probative value was substantially outweighed by the danger of unfair prejudice."

### Standard of Review

A trial court's decision to admit or exclude evidence is reviewed under an abuse of discretion standard. *Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim. App. 2006). The test for abuse of its discretion is whether the trial court's action was arbitrary or unreasonable. *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003).

### Applicable Law

Relevant evidence is that which has any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX. R. EVID. 401. All relevant evidence is admissible, except as

otherwise provided by the rules of evidence the United States or Texas Constitutions, a statute, or other statutory rules, but evidence which is not relevant is inadmissible. TEX. R. EVID. 402.

"An extraneous offense is any act of misconduct, whether resulting in prosecution or not, that is not shown in the charging papers." *Manning*, 114 S.W.3d at 926. Although relevant, "["e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1). Evidence of a crime, wrong, or other act may be admissible if it has relevance apart from its tendency to prove the character of a person in order to show that he acted in accordance therewith. TEX. R. EVID. 404(b)(2). Such evidence may be admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. *Id*. The list in Rule 404(b)(2) is illustrative, not exhaustive. *Johnston v. State*, 145 S.W.3d 215, 219 (Tex. Crim. App. 2004). For example, extraneous offense evidence may be admissible when a defendant raises an affirmative defense or a defensive issue that negates one of the elements of the crim[e."]" *Id*.

If the extraneous offense evidence logically serves any of these purposes, it is admissible subject only to the trial court's discretion to exclude it under Rule 403. *See* TEX. R. EVID. 403. Rule 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence. *Id*. When undertaking a Rule 403 analysis, a trial court must balance (1) the inherent probative force of the proffered evidence along with (2) the proponent's need for the evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by the jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that the presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted. *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

**Discussion**

The trial judge found the clear bag of methamphetamine was relevant to prove Appellant's knowing and intentional possession of the cocaine in the Mentos gum box. *See* TEX.

R. EVID. 404(b)(2). The trial court noted that "[t]his is a 403 and 404(b) analysis[,]" that the evidence was admissible under Rule 404, and the Rule 403 analysis favored the State.

The cocaine that Appellant was charged with possessing was found in a Mentos gum box. The box was on the floor of the truck, almost under the front seat, next to and behind the bag of methamphetamine. Although the Mentos gum box might have been visible, it was not in plain view as was the bag of methamphetamine. Appellant argued at trial that the State could not show his possession of the cocaine was knowing and intentional. There was no direct evidence that Appellant knew what was in the Mentos box. Sergeant McClure admitted that he could not say if Appellant owned the box or had ever opened the box. No fingerprint evidence connected Appellant with the Mentos box. The truck had been recently purchased, and its interior was described as cluttered.

The presence of a clear bag of methamphetamine in plain view and within easy reach of the driver justifies the inference that Appellant knew that cocaine was in the box next to the bag. This evidence makes an elemental fact, Appellant's knowing and intentional possession of the cocaine, far more probable than it would be without the evidence. *See* TEX. R. EVID. 401, 404(b)(2). Without the evidence, Appellant's claim that his possession of the cocaine was merely fortuitous becomes much more credible.

Appellant also argues that the State had no need for evidence of the bag of methamphetamine. Appellant insists that the admission into evidence of a straw perhaps used to snort cocaine provided the same sort of circumstantial evidence. We disagree. The substance in the clear plastic bag was positively identified as methamphetamine. Its location in plain sight immediately adjacent to the box containing the cocaine was especially convincing evidence that Appellant knew what the Mentos gum box contained. The cocaine in the gum box was crack cocaine — not the kind sniffed with a straw. It is not clear what the straw was used for or where it was found. Its evidentiary value is not nearly as compelling as the clear bag of methamphetamine in plain view next to the box with the cocaine. The challenged evidence was both relevant and necessary. *See* TEX. R. EVID. 401.

We do not believe the admission of evidence of the bag of methamphetamine suggested a decision on an improper basis or tended to confuse or distract the jury from the main issue. *See Gigliobianco*, 210 S.W.3d at 641-42. The presentation of the challenged evidence did not require

4

an inordinate amount of time. *See id*. It required approximately two percent of the testimony in a brief trial.

In conducting a Rule 403 balancing test, the court carefully considered the relevant factors. *See id.*; *see also **Manning***, 114 S.W.3d at 926. We conclude that the trial judge did not abuse his discretion in admitting the clear bag of methamphetamine. *See **Rodriguez***, 203 S.W.3d at 841. Appellant's first issue is overruled.

## SUFFICIENCY OF THE EVIDENCE

In his second issue, Appellant contends the evidence is insufficient to sustain his conviction.

### Standard of Review

In reviewing the sufficiency of the evidence to support a conviction, appellate courts view all of the evidence in the light most favorable to the verdict in order to determine whether a rational trier of fact could have found all the essential elements of the crime beyond a reasonable doubt. ***Jackson v. Virginia***, 443 U.S. 307, 319 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); ***Brooks v. State***, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). The jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. ***Brooks***, 323 S.W.3d at 899. We give deference to the jury's responsibility to fairly resolve evidentiary conflicts, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. ***Hooper v. State***, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Circumstantial evidence is as probative as direct evidence in establishing the accused's guilt. *Id*. "[A]ll of the evidence" includes evidence that was properly and improperly admitted. ***Clayton v. State***, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

### Applicable Law

The Texas Health and Safety Code provides, in relevant part, "a person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1." TEX. HEALTH AND SAFETY CODE ANN. § 481.115(a), (b) (West 2017). Cocaine is a controlled substance listed in Penalty Group 1. *Id*. § 481.102(3)(D).

To prove unlawful possession of a controlled substance, the State must prove the accused (1) exercised care, custody, control or management over the contraband, and (2) knew the matter was contraband. ***Poindexter v. State***, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). This

evidence, whether direct or circumstantial, must establish that the accused's connection with the drug was more than just fortuitous. *Id*. at 405-06. "Mere presence alone at a place where the contraband is being used or possessed by others does not justify a finding of joint possession, or constitute one a party to an offense." *Martin v. State*, 753 S.W.2d 384, 387 (Tex. Crim. App. 1988). However, presence or proximity, when combined with other evidence, direct or circumstantial, can be sufficient to establish the defendant exercised actual care, custody, or control of the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). In *Olivarez v. State*, the court summarized the following nonexclusive list of facts or circumstances that have served to connect an accused to contraband:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). It is not the number of these factors that is dispositive, but rather the logical force of all the evidence, direct and circumstantial, in establishing the elements of the offense. *Evans*, 202 S.W.3d at 162. The issue is whether there was evidence of circumstances adequate to justify the conclusion that the defendant knowingly possessed the substance. *Id*. at 166-67 (Womack, J., concurring).

**Discussion**

The most important connection between Appellant and the cocaine in the Mentos box is that it was found in his truck and he was the truck's only occupant. Appellant apparently had only recently bought the truck. Therefore, it might be argued that the Mentos gum box with the cocaine was in the truck when he bought it. However, the cocaine was close to and easily accessible to the driver. The clear bag of methamphetamine found in plain view next to the Mentos box is compelling evidence that Appellant's possession of the cocaine was knowing and intentional.

6

We conclude that the evidence, direct and circumstantial, coupled with the reasonable inferences drawn from that evidence, was sufficient for a rational trier of fact to have found beyond a reasonable doubt that Appellant possessed the cocaine knowing it was contraband. *See Jackson*, 443 U.S. at 319 99, 99 S. Ct. at 2789; *see also Brooks*, 323 S.W.3d at 912; *Poindexter*, 153 S.W.3d at 405; *Evans*, 202 S.W.3d at 162; TEX. HEALTH AND SAFETY CODE ANN. § 481.115(a), (b). Therefore, the evidence is sufficient to sustain his conviction. Appellant's second issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, the judgment of the trial court is *affirmed*.

BILL BASS
Justice

Opinion delivered August 9, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 9, 2017**

**NO. 12-16-00302-CR**

**GEORGE RAY HOLMES,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2016-0197)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J.,*
*Twelfth Court of Appeals, sitting by assignment.*